[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2006
THOMAS K. KAHN
CLERK

No. 05-16015
Non-Argument Calendar
_____

D. C. Docket No. 88-00215-CR-J-12HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY JOE MCCLAIN,
a.k.a. Billy,
a.k.a. Bill,
a.k.a. Bo,
a.k.a. Billion Dollar Bill,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 29, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Billy Joe McClain appeals, *pro se*, the district court's denials of his motion to modify his sentence, filed pursuant to 18 U.S.C. §§ 3582(c)(1)(B) and 3559(c)(7), and his petition for rehearing from the denial of that motion. McClain argues that, under § 3559(c)(7), he is entitled to resentencing because he allegedly received a mandatory life sentence and this sentence was based on a prior conviction that was later overturned. McClain also contends that the district court committed statutory error in violation of *United States v. Booker*, 543 U.S. 220 (2005) by relying on extra-verdict enhancements.

We review both a motion to reconsider and a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c) for an abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004) (motion to reconsider); *see United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003) (reviewing a motion to modify sentence under 18 U.S.C. § 3582(c)(2), based on a subsequent change in the Sentencing Guidelines). "A district court by definition abuses its discretion when it makes an error of law." *Brown*, 332 F.3d at 1343 (quotation omitted).

Pursuant to 18 U.S.C. § 3582(c)(1)(B), a court may modify a sentence "to the extent otherwise expressly permitted by statute . . . ." Under 18 U.S.C.

2

§ 3559(c), a person is subject to mandatory life imprisonment based on certain prior convictions, and a person may be resentenced if a prior conviction used to impose mandatory life imprisonment is overturned as unconstitutional or on the basis of innocence. The statute provides in relevant part:

> (c) Imprisonment of certain violent felons.–
>     (1) Mandatory life imprisonment. Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if–
>         (A) the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of–
>             (i) 2 or more serious violent felonies; or
>             (ii) one or more serious violent felonies and one or more serious drug offenses; and
>         (B) each serious violent felony or serious drug offense used as a basis for sentencing under this subsection, other than the first, was committed after the defendant's conviction of the preceding serious violent felony or serious drug offense.
>
> . . . .
>
>     (7) Resentencing upon overturning of prior conviction.–If the conviction for a serious violent felony or serious drug offense that was a basis for sentencing under this subsection is found, pursuant to any appropriate State or Federal procedure, to be unconstitutional or is vitiated on the explicit basis of innocence, or if the convicted person is pardoned on the explicit basis of innocence, the person serving a sentence imposed under this subsection shall be resentenced to any sentence that was available at the time of the original sentencing.

18 U.S.C. § 3559. This subsection of the statute, known as the federal "three-

strikes law," became effective on September 13, 1994, with the passage of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 70001, 108 Stat. 1796. *See also United States v. Abraham*, 386 F.3d 1033, 1037 (11th Cir. 2004), *cert. denied*, 126 S. Ct. 417 (2005).

In this case, the record demonstrates that the district court did not impose a mandatory life sentence, but rather it imposed a sentence at the high-end of the applicable guideline range. The district court expressly stated–both at McClain's original sentencing hearing and at a sentencing rehearing based on the overturned state conviction–that McClain's guideline imprisonment range was 360 months to life and imposed a sentence at the high-end due to the gravity of McClain's crimes. Moreover, McClain received his original sentence five years before the enactment of § 3559, and therefore, his argument that he was sentenced to mandatory life imprisonment under that provision is without merit. The district court imposed McClain's sentence in 1989, and in 1994, Congress enacted 18 U.S.C. § 3559. Because § 3559(c)(7) only applies to defendants sentenced under that subsection and McClain was not sentenced under it, any relief under § 3559(c)(7) does not apply to McClain. Accordingly, we conclude that the district court did not abuse its discretion in denying McClain's motion to modify his sentence.

McClain makes no argument that the district court abused its discretion by

denying his motion for reconsideration, and thus, he abandoned any argument related to this denial. *United States v. Dockery*, 401 F.3d 1261, 1262-63 (11th Cir.), *cert. denied*, 126 S. Ct. 442 (2005).

Finally, in so far as McClain attacks his conviction or sentence based upon the rule of law announced in *Booker*, the proper vehicle is a petition with this court for permission to file a successive motion to vacate under 28 U.S.C. § 2255. *See, e.g., Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). However, we have already denied McClain's second or successive application on this basis. Therefore, any *Booker* argument raised in connection with the present appeal fails.

For the above-stated reasons, we affirm the district court's denial of McClain's motion to modify his sentence and the denial of McClain's motion for reconsideration.

**AFFIRMED.**