[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15654
Non-Argument Calendar
_____

D. C. Docket No. 89-00013-CR-GET-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY S. JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 2, 2007)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Gregory S. Jones, a federal prisoner, appeals the district court's denial of his

motion to reduce his sentence based on a retroactive amendment to the Sentencing

Guidelines, pursuant to 18 U.S.C. § 3582(c)(2).  A federal jury convicted Jones of

two counts of bank robbery, two counts of firearm offenses under 18 U.S.C.

§ 924(c) for each respective robbery, and one count of possession of a firearm by a

convicted felon.  On appeal, Jones argues that the district court abused its

discretion in denying his motion to reduce his sentence because, based on the

retroactive application of U.S.S.G. App. C, Amendment 599 (2000)

("Amendment 599"), it impermissibly applied weapons enhancements to determine

the offense level of the bank robbery counts under the Sentencing Guidelines.

Jones contends that, by applying these weapon enhancements to determine his

offense level, the court double counted the conduct accounted for in the firearm

charges.  Jones further argues that the district court still could reduce his total

sentence, even if he already had completed the guideline portion of his punishment

and only continued to serve his consecutive statutory mandatory sentences under

§ 924(c).  Lastly, Jones contends that the court should consider the fact that he is

older, has published two books, has written a self-development program, maintains

exceptional institution conduct, and is not presently a dangerous individual.

## I.  BACKGROUND

2

We review "a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). "A district court by definition abuses its discretion when it makes an error of law." Id. (citation omitted). To the extent the district court made legal conclusions concerning the scope of its authority under the Sentencing Guidelines, in a proceeding to modify a sentence under § 3582(c)(2), review is de novo. United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002).

A district court ordinarily cannot modify a term of imprisonment after it has been imposed. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005), cert. denied, 547 U.S. 1050 (2006). "[H]owever, in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, upon a defendant's motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. (quotation and citation omitted); see also U.S.S.G. § 1B1.10(a) ("[w]here a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an

3

amendment to the Guidelines Manual . . . , a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2).").

Amendment 599, "which was enacted in order to clarify under what circumstances a weapons enhancement properly may be applied to an underlying offense when the defendant has also been convicted for the use or possession of a firearm pursuant to 18 U.S.C. § 924(c)," is listed as an amendment covered by the policy statement. U.S.S.G. § 1B1.10(c); see also United States v. Pringle, 350 F.3d 1172, 1178-81 (11th Cir. 2003).

As amended by Amendment 599 , Application Note 4 to U.S.S.G. § 2K2.4 now provides:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense [i.e., armed robbery], do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. . . . Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c). However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction.

U.S.S.G. App. C, Amend. 599 (2000). To determine whether a reduction in

4

sentence is warranted the court must (1) reassessing the defendant's sentencing package under the Guidelines, as amended, and (2) considering the sentencing factors of 18 U.S.C. § 3553(a).  See United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).

Here, the district court did not abuse its discretion in denying Jones's § 3582(c)(2) motion.  Although the court did not conduct its own analysis, it adopted the government's arguments, which properly applied the two-step analysis to determine that a reduction was not warranted.  After careful review of the record and the parties' briefs, we affirm the district court's order denying Jones's § 3582(c) motion.

## III.  CONCLUSION

**AFFIRMED.**