[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16540
Non-Argument Calendar

_____

D. C. Docket No. 98-00104-CR-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN WESLEY LOWE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(January 8, 2008)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

John Lowe, proceeding <u>pro se</u>, appeals the district court's denial of his 18

U.S.C. § 3582(c)(2) motion for a reduction in sentence. Lowe pleaded guilty to one count of armed postal robbery, but his written plea agreement stipulated that he had also committed two additional robberies. As a result, he was treated under United States Sentencing Guidelines § 1B1.2(c) (Nov. 1998) as having been convicted of additional robberies, and his guideline range was ultimately enhanced pursuant to U.S.S.G. § 3D1.4.

Lowe contends that the district court abused its discretion in denying his motion for a reduction in sentence because, according to Lowe, Amendments 591 and 613 to the Guidelines apply to U.S.S.G. § 1B1.2(c) as well as § 1B1.2(a). Lowe contends that there is no reason that the limitation on the meaning of "stipulation" contained in U.S.S.G. § 1B1.2 comment. (n. 1) ¶ 3 should not apply to subsection (c) as well as subsection (a). He argues that incorporating multiple counts under U.S.S.G. § 3D1.1 alters the applicable base offense level within the meaning of § 1B1.2(a) and that, therefore, his case falls within the ambit of the amendment to the application note to subsection (a).

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion. A district court by definition abuses its discretion when it makes an error of law." United States v. Brown, 332 F.3d 1341,

1343 (11th Cir. 2003) (internal quotation marks and citation omitted).

While a district court generally may not modify a term of imprisonment once it is imposed, where a subsequent retroactively applicable amendment to the Guidelines has lowered a sentencing range, 18 U.S.C. § 3582(c)(2) permits the district court to reduce the sentence of a defendant who was imprisoned based on the former, higher range. United States v. Vautier, 144 F.3d 756, 759 (11th Cir. 1998). Guidelines Amendment 591 is retroactively applicable. U.S.S.G. § 1B1.10(c); United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). Guidelines Amendment 613 is not. See U.S.S.G. § 1B1.10(c).

Section 1B1.2(a) provides that, "in the case of a plea agreement containing a stipulation that specifically establishes a more serious offense than the offense of conviction," the applicable offense guidelines section should be determined based on the stipulated offense. U.S.S.G. § 1B1.2(a). Section 1B1.2(c) provides that a plea agreement "containing a stipulation that specifically establishes the commission of additional offense(s) shall be treated as if the defendant had been convicted of additional count(s) charging those offenses." U.S.S.G. § 1B1.2(c).

Guidelines Amendment 591 changed the first application note to § 1B1.2 to provide that a district court could apply a guideline for a more serious offense than the offense of conviction only where the plea agreement stipulated that the

defendant had committed the more serious offense, and not where the district court merely made findings of fact that the more serious offense had been committed. See U.S.S.G. App. C, Amend. 591.

Guidelines Amendment 613 changed the third paragraph of the first application note to § 1B1.2 to limit what constituted a stipulation by providing that:

> As set forth in the first paragraph of this note, an exception to this general rule [that the selection of the applicable guideline section is based on the offense of conviction] is that if a plea agreement (written or made orally on the record) contains a stipulation that establishes a more serious offense than the offense of conviction, the guideline section applicable to the stipulated offense is to be used. A factual statement or a stipulation contained in a plea agreement (written or made orally on the record) is a stipulation for purposes of subsection (a) only if both the defendant and the government explicitly agree that the factual statement or stipulation is a stipulation for such purposes.

U.S.S.G. App. C, Amend. 613; see also U.S.S.G. § 1B1.2 comment. (n. 1) ¶ 3.

The district court did not abuse its discretion in denying Lowe's § 3582(c)(2) motion for a reduction in sentence because there has been no retroactively applicable Guidelines adjustment that lowered the guideline range used in sentencing him. Amendments 591 and 613 apply to § 1B1.2(a); neither affects § 1B1.2(c), the provision which provided that Lowe was to be sentenced as if he had been convicted of the additional robberies stipulated in his plea agreement. See U.S.S.G. App. C, Amends. 591, 613.

4

**AFFIRMED.**