[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2003
THOMAS K. KAHN
CLERK

————————————————

No. 01-16881

————————————————

D. C. Docket No. 95-00330-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DON NEWCOMBE BROWN,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

**(June 5, 2003)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

BIRCH, Circuit Judge:

In this appeal, we examine the sentencing of a defendant who pled guilty on two counts: using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime," in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). We find, in that circumstance, that the retroactively applicable Amendment 599 to the Sentencing Guidelines prohibits enhancing the sentence for the felon-in-possession count with the U.S.S.G. § 2K2.1(b)(5) specific offense characteristic for using a firearm in connection to another felony. In the view of the Sentencing Commission, to apply that enhancement on the § 922(g) count while also imposing a sentence on the § 924(c) count would punish substantially the same conduct twice, an impermissible result. For that reason, we REVERSE the district court's denial of Don Newcombe Brown's motion for modification of his original sentence pursuant to 18 U.S.C. § 3582(c)(2).

## I. BACKGROUND

In a five-count indictment, Brown was charged in Count One with possession of thirty-five (35) handguns after having previously been convicted of a felony, in violation of 18 U.S.C. §922(g); in Count Two with possession and concealment of twenty-six stolen firearms, in violation of 18 U.S.C. § 922(j); in Count Three with possession of a firearm with an obliterated serial number, in

2

violation of 18 U.S.C. § 922(k); in Count Four with attempting to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; and in Count Five with using and carrying thirty-five firearms during and in relation to the drug trafficking offense alleged in Count Four, in violation of 18 U.S.C. § 924(c).

Pursuant to a negotiated plea agreement, Brown pled guilty to Counts One and Five of the indictment. The district court calculated the Adjusted Offense Level for Count One (possession of a firearm by convicted felon) to include a four-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(5), for possession of a firearm in connection with another felony (based on Count Four, possession with intent to distribute cocaine). Brown did not object to the 2K2.1(b)(5) adjustment at sentencing. Brown was sentenced to one hundred twenty (120) months incarceration on Count One, followed by a mandatory consecutive term of sixty (60) months on Count Five, to be followed by three years supervised release.

Brown filed a motion to modify his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 599 to the Sentencing Guidelines. On 20 November 2001, the district court heard and considered the motion. At the hearing, the district court denied Brown's motion to modify his sentence, reasoning that Amendment 599 did not apply. Brown thereafter filed a timely notice of appeal, which is now properly before us.

3

## II. DISCUSSION

We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion. United States v. Vautier, 144 F.3d 756, 759 n.3 (1998). "A district court by definition abuses its discretion when it makes an error of law." Koon v. United States, 518 U.S. 81, 100, 116 S. Ct. 2035, 2047 (1996).

The issue is whether Amendment 599 and the current version of U.S.S.G. § 2K2.4 preclude the application of a § 2K2.1(b)(5) four-level enhancement for possession of a firearm in connection with another felony offense to Brown's § 922(g) conviction for being a felon in possession of a firearm, when he was also sentenced for his § 924(c) conviction for using or carrying firearms during and in relation to a drug trafficking offense. Brown argues that the § 2K2.1(b)(5) enhancement to his § 922(g) conviction is "double counting" because he also received a consecutive sentence for his § 924(c) conviction, which in effect punished him for the same conduct -- possession of a firearm during and in relation to a felony drug trafficking crime.

When a defendant is convicted under § 922(g) of being a felon in possession of a firearm, the applicable sentencing guideline is § 2K2.1 (Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions

4

Involving Firearms or Ammunition). Section 2K2.1(a) contains several base offense levels and requires that the greatest applicable base offense level be applied. A § 922(g) conviction warrants a base offense level of 20 under § 2K2.1(a)(4)(A), which applies if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." In addition, § 2K2.1(b) provides specific offense characteristics, which enhance the offense level for the covered offenses. Section 2K2.1(b)(5) increases the offense level by 4 "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."

When a defendant is convicted under § 924(c), for possessing a firearm in relation to a drug crime, the relevant sentencing guideline is § 2K2.4 (Use of Firearm, Armor-Piercing Ammunition, or Explosive During or in Relation to Certain Crimes), which provides that the statutory sixty-month consecutive sentence must be imposed. U.S.S.G. § 2K2.4(a). Application Note 2 of the Commentary to § 2K2.4 provides certain instances when specific offense

characteristics regarding explosives or firearms are not to be applied to the base offense level for other convictions.[1]

Prior to Amendment 599, the relevant portion of U.S.S.G. § 2K2.4 Application Note 2 provided that "[w]here a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use or discharge of an explosive or firearm . . . is not to be applied in respect to the guideline for the underlying offense." U.S.S.G. § 2K2.4 comment. (n.2) (1998). In United States v. Flennory, we interpreted the term "underlying offense" to mean "crime of violence" or "drug trafficking offense," the two explicit bases for a § 924(c) conviction. 145 F.3d 1264, 1268-69 (11th Cir. 1998). In Flennory, the defendant was convicted under § 922(g) and § 924(c) and received an enhancement derived from cross-referencing under § 2K2.1(c)(1), which was applied because it would result in a greater sentence than the § 2K2.1(b)(5) enhancement.[2] We followed our precedent in United States v.

---

[1] In the 2002 Sentencing Guidelines, Application Note 2 was changed to what is now Application Note 4. For purposes of simplicity, we will continue to refer to it as Application Note 2, as it was argued by the parties and considered by the district court.

[2] Section 2K2.1(c)(1) cross-references to § 2X1.1 "[i]f the defendant used or possessed any firearm . . . in connection with the commission . . . of another offense . . . [and] . . . the resulting offense level [under § 2X1.1 (Attempt, Solicitation, Conspiracy)] is greater than that determined [under § 2K2.1]." U.S.S.G. § 2K2.1(c)(1).

Paredes, 139 F.3d 840 (11th Cir. 1998),[3] and refused to expand the definition of underlying offense beyond "crime of violence" or "drug trafficking offense" for purposes of sentencing a § 924(c) violation and applying § 2K2.4 Application Note 2. Id. at 1268-69 (citing United States v. Sanders, 982 F.2d 4 (1st Cir. 1992), and declining to follow United States v. Vincent, 20 F.3d 229 (6th Cir. 1994)). Accordingly, we held that § 2K2.4 Application Note 2 did not apply because a § 922(g) conviction was not an "underlying offense" within the definition of the note and, therefore, the § 2K2.1(c)(1) cross-referencing enhancement was not double counting the conduct punished by the § 924(c) consecutive sentence. Flennory, 145 F.3d at 1269.

Effective November 2000, Amendment 599[4] to the Sentencing Guidelines changed the language of Application Note 2, which now provides, in pertinent part:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an

---

[3] The facts in Paredes are nearly identical to the facts in the case before us. We refused to deem a § 922(g) conviction an underlying offense to a § 924(c) conviction even though the § 922(g) sentence was arrived at by grouping the § 922(g) conviction with the other robbery convictions. Paredes, 139 F.3d at 846 ("'[T]he grouping process does not call for redetermination of the offense level applicable to each crime. Thus, the 'underlying offense' must be the crime during which, by using the gun, the defendant violated § 924(c).'") (quoting United States v. Mrazek, 998 F.2d 453, 455 (7th Cir. 1993)). Flennory fully incorporated Paredes in its legal analysis. Flennory, 145 F.3d at 1268-69.

[4] Amendment 599 is retroactive pursuant to U.S.S.G. § 1B1.10, and, if it applies, warrants a reduction of Brown's sentence under § 3582(b)(2).

explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). . . .

If the . . . weapon that was possessed . . . in the course of the underlying offense also results in a conviction that would subject the defendant to an enhancement under . . . § 2K2.1(b)(5) . . ., do not apply that enhancement. A sentence under this guideline accounts for the conduct covered by these enhancements because of the relatedness of that conduct to the conduct that forms the basis for the conviction under . . . § 924(c). For example, if in addition to a conviction for an underlying offense of armed bank robbery, the defendant was convicted of being a felon in possession under 18 U.S.C. § 922(g), the enhancement under § 2K2.1(b)(5) would not apply.

We acknowledge the unambiguous language of the first sentence of Application Note 2: "If a sentence under this guideline is imposed *in conjunction with a sentence for an underlying offense*, do not apply any specific offense characteristics for possession . . . of . . . [a] firearm *when determining the sentence for the underlying offense*." U.S.S.G. § 2K2.4 comment. (n.2) (emphasis added). This language remains unchanged from the prior Application Note 2. United States v. Diaz, 248 F.3d 1065, 1106-07 (11th Cir. 2001) ("The first sentence of the new application now reinforces what courts have always known – when a defendant is convicted of a § 924(c) violation and an underlying offense, the *defendant's* possession of a weapon cannot be used to enhance the level of the

8

underlying offense.") (emphasis in original) (recognizing that the amended language now included relevant conduct of jointly undertaken criminal activity, thus an enhancement based upon a co-defendant's weapon possession was prohibited).

By amending Application Note 2, the Sentencing Commission sought to "(1) avoid unwarranted disparity and duplicative punishment; and (2) conform application of guideline weapon enhancements with general guideline principles." Amend. 599, Reason for Amendment, U.S.S.G. App. C at 72. As acknowledged by the Sentencing Commission, we previously interpreted the term narrowly to mean "crime of violence" or "drug trafficking offense," the two explicit bases for a § 924(c) conviction. See Flennory, 145 F.3d at 1268-69. The United States Court of Appeals for the Sixth Circuit, on the other hand, broadly interpreted the term to include a § 922(g) conviction as an underlying offense. See United States v. Smith, 196 F.3d 676, 679-82 (6th Cir. 1999). The Reason for Amendment noted the conflicting case law between circuits regarding the interpretation of "underlying offense" and ostensibly passed Amendment 599 to reconcile the conflict.[5] It is not clear from the language contained in the first paragraph of

---

[5] The commission did not give a clear indication that the Sixth Circuit Smith decision was the correct interpretation of "underlying offense," but merely identified the conflict between the circuits. Amend. 599, Reason for Amendment, U.S.S.G. App. C at 72.

Application Note 2 whether a § 922(g) conviction for being a felon in possession of the firearm used in the underlying offense should be precluded from receiving a § 2K2.2(b)(5) enhancement because it is an "underlying offense," or relevant conduct associated with the underlying offense, that is the basis for the § 924(c) conviction.[6]

The answer to this question before us, however, need not turn on the definition of "underlying offense" in Application Note 2. The amended language of Application Note 2 continued beyond the revisions to the first paragraph and added a second paragraph which, in our view, clearly applies here. Specifically, the amendment language provides that if the weapon possessed "*in the course of the underlying offense also results in a conviction* that would subject the defendant to an enhancement under . . . § 2K2.1(b)(5) . . ., do not apply that enhancement." U.S.S.G. § 2K2.4 comment. (n.2) (2001) (emphasis added). The weapons

---

[6] Amendment 599 abrogated <u>Flennory</u> to the extent that the new application note expanded the definition of underlying offense to include the relevant conduct punishable under U.S.S.G. § 1B1.3. <u>Diaz</u>, 248 F.3d at 1107 (citing the amended language of § 2K2.4 Application Note 2 to hold that "relevant conduct cannot be used to enhance the offense level of the underlying offense."). The Sentencing Commission cited <u>Flennory</u> in its Reason for Amendment and explained that our narrow interpretation was underinclusive of the circumstances in which the application note applies to prohibit double counting. Whether a felon in possession conviction is relevant conduct to the underlying drug offense within the meaning of the application note and § 1B1.3 is uncertain. The connection is rather attenuated because whether Brown was a felon and subject to a conviction for possession of the weapon has no factual connection to the drug trafficking offense, other than the contemporaneity. They are two different wrongs. Nevertheless, this uncertainty is subsumed by the additional amendment language and, therefore, we will not decide whether a § 922(g) conviction constitutes relevant conduct within the meaning of Application Note 2.

possessed by Brown in the course of the underlying drug trafficking offense resulted in his conviction under § 922(g), therefore, the § 2K2.1(b)(5) enhancement cannot be applied. Furthermore, the Reason for Amendment states that, in addition to prohibiting weapons enhancements to the underlying offense, "this amendment also expands the application note to clarify that offenders who receive a sentence under § 2K2.4 should not receive enhancements under . . . § 2K2.1(b)(5) . . with respect to any *weapon . . . connected to the offense underlying the count of conviction sentenced under § 2K2.4.*" Amend. 599, Reason for Amendment, U.S.S.G. App. C at 72 (emphasis added). The application note does not, by its terms, require that the defendant also be convicted of the underlying offense.

As stated in the Reason for Amendment, Amendment 599 "is intended to avoid the duplicative punishment that results when sentences are increased under both the statutes and the guidelines for *substantially the same* harm." Id. (emphasis added). In other words, the Sentencing Commission has chosen to equate the wrongs being punished by a § 2K2.1(b)(5) enhancement and a § 924(c) sentence and require the election of one or the other. The commission perceives the conduct normally embraced by a § 2K2.1(b)(5) enhancement to be sufficiently punished by the § 924(c) sentence and has amended the sentencing guidelines to

11

prevent a defendant from being punished twice for "substantially the same harm."

Id.

## III. CONCLUSION

Pursuant to the unambiguous language of Amendment 599, the § 2K2.1(b)(5) enhancement applied to Brown's § 922(g) conviction and Brown's conviction under § 924(c) punishes twice the same wrong of possessing a firearm in connection with the underlying felony of drug trafficking. Amendment 599 explicitly prohibits the assessment of the § 2K2.1(b)(5) enhancement to the § 922(g) conviction under these circumstances. Accordingly, the district court's denial of Brown's § 3582(c)(2) motion is REVERSED.