[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-12235
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 7, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 95-00544-CR-2-1

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

VERNON BERCHFIELD ROPER,

                                        Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
----------------------------------------------------------------

**(April 7, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Vernon Berchfield Roper appeals pro se the district court's denial of his motion to reduce sentence, 18 U.S.C. § 3582(c)(2). No reversible error has been shown; we affirm.

Roper was convicted by a jury in 1996 for two cocaine trafficking offenses and for carrying a firearm during the commission of a drug trafficking crime, 18 U.S.C. § 924(c). The presentence investigation report (PSI) grouped the drug counts and recommended a base offense level of 28.[1] The PSI then recommended--and the district court imposed--a three-level official victim enhancement, U.S.S.G. § 3A1.2(b) (1995), because Roper had fired his weapon at police officers while they attempted to arrest him.

In 2004, Roper filed the instant § 3582(c)(2) motion based on the retroactive application of Sentencing Guidelines Amendment 599. Roper argued that the district court engaged in impermissible double counting in applying the § 3A1.2(b) enhancement because he was punished for the same conduct as a result of his § 924(c) firearm conviction. The district court denied Roper's motion, determining that Amendment 599 did not apply to Roper, as Roper's offense level

---

[1]The PSI did not include the firearm count in the guideline calculation because that offense required a mandatory 5-year consecutive sentence.

was enhanced under the "official victim" provision of the Guidelines, not the provision for possessing, brandishing, using, or discharging a firearm.

We review a district court's denial of a § 3582(c)(2) motion to reduce sentence for abuse of discretion. United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2005). A district court abuses its discretion when in makes an error of law. Id.

Here, the district court committed no error in determining that Amendment 599 does not apply to Roper's conduct. Amendment 599 amended the commentary to § 2K2.4(b), which sets the statutory mandatory minimum sentence as the guideline sentence for persons who have violated § 924(c). Amendment 599 provides that "[i]f a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." U.S.S.G. App. C, Amdt. 599. The version of § 3A1.2(b) applicable at Roper's sentencing authorized a three-level enhancement if, during the offense, the defendant assaulted a person that the defendant knew or had reason to believe was a law enforcement officer in a manner creating a substantial risk of serious bodily injury. U.S.S.G. § 3A1.2(b) (1995).

3

Thus, § 3A1.2(b) is not an enhancement based on a defendant's possession or use of a firearm. Roper's sentences for the underlying drug offenses were enhanced under § 3A1.2 because he shot at, and thus assaulted, a police officer during the commission of the offenses. Roper's sentences were not enhanced because he possessed or brandished a firearm. Amendment 599 does not alter the applicable guideline range in this case and provides no basis for reducing Roper's sentence.

Roper also argues that the district court's fact determinations in assessing the § 3A1.2 enhancement violated his Sixth Amendment right to a jury trial.[2] To the extent that Roper is contending that his sentence runs afoul of United States v. Booker, 125 S.Ct. 738 (2005), and that Booker authorizes a basis for granting him relief under § 3582(c)(2), we recently have rejected this claim. See United States v. Moreno, 421 F.3d 1217, 1220-21 (11th Cir. 2005) (writing that Booker does not apply to § 3582(c)(2) motions because it is a Supreme Court decision, not a guideline amendment made retroactively applicable by the Sentencing Commission). And to the extent that Roper challenges the constitutionality of his

_____

[2] On the same day that the district court denied Roper's § 3582(c)(2) motion, Roper filed a supplemental motion alleging that the § 3A1.2(b) enhancement constituted double counting and was unconstitutional in the light of Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005). The district court did not address the supplemental motion.

sentence, § 3582(c)(2) is not the proper vehicle for such an attack. <u>See</u> 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 2255.

AFFIRMED.