[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 31, 2006
THOMAS K. KAHN
CLERK

No. 05-12306

_____

D. C. Docket No. 94-00032-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH ANTHONY HAYES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 31, 2006)**

Before PRYOR and FAY, Circuit Judges, and STEELE,* District Judge.

PER CURIAM:

---

* The Honorable William H. Steele, United States District Court for the Southern District of Alabama, sitting by designation.

Joseph Anthony Hayes appeals the order of the district court denying his motion for reduction of sentence. 18 U.S.C. § 3582(c)(2). Hayes was convicted of possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1) (Count I), possession of firearms during and in relation to that crime, 18 U.S.C. § 924(c) (Count II), and possession of an unregistered firearm, 26 U.S.C. § 5861(d) (Count III). The district court found that Amendment 599 of the United States Sentencing Guidelines, which forecloses a firearms enhancement for criminals convicted of possessing a firearm during and in relation to certain crimes, 18 U.S.C. § 924(c), did not apply to Hayes. On appeal, the government concedes that the district court erred. We reverse and remand.

## I. BACKGROUND

In January 1994, Hayes participated in a scheme to rob a "stash house" of 20-30 kilograms of cocaine. An undercover agent with the Bureau of Alcohol, Tobacco and Firearms posed as a disgruntled drug courier. Immediately before the robbery, Hayes showed the agent a 9-mm. semi-automatic pistol, and represented that he and his accomplices had a 12-gauge shotgun in one of the vehicles they intended to use in the robbery. Hayes requested that the agent follow him as he left to retrieve the shotgun, but before they reached it, the men were arrested. A 9-mm. Ruger pistol was found in the car in which Hayes had been traveling, and an

2

unregistered sawed-off shotgun was found in Hayes's own car parked a few blocks away.

Hayes was indicted and proceeded to trial, where a jury convicted him on all counts. At his sentencing, the district court imposed concurrent sentences of 300 months of imprisonment on Count I and 120 months of imprisonment on Count III, and a consecutive sentence of 60 months of imprisonment on Count II. The 9-mm. pistols formed the basis of the charge in Count II. The district court used the shotgun, which formed the basis of the charge in Count III, to enhance Hayes's offense level for Count I. See U.S.S.G. § 2D1.1(b)(1) (allowing a two-level enhancement for possession of a dangerous weapon while trafficking).

On November 1, 2000, Amendment 599 of the Sentencing Guidelines became effective and was made retroactive. Amendment 599 modified the commentary to Sentencing Guideline 2K2.4, which applies to offenses involving the use of a firearm during or in relation to certain crimes. The amendment prevents an offense that underlies a section 924(c) offense from being enhanced by a firearms specification:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline

3

accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (a) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c).

Amendment 599.

Based on this amendment, Hayes filed a motion for reduction of sentence, and argued that the firearms enhancement of the sentence for Count I was precluded by his conviction on Count II for possessing a firearm during and in relation to Count I. The district court summarily denied this motion. Hayes appealed, and this Court remanded to the district court for an explanation of its ruling. United States v. Hayes, No. 04-12611 (11th Cir. Dec. 20, 2004).

On remand, the district court stated that Amendment 599 precludes adding a section 2D1.1(b) enhancement to the offense underlying a section 924(c) charge "if (1) a co-defendant as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c), or (2) in an ongoing drug trafficking offense, the defendant

4

possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c)." Since Hayes "possessed another gun (the sawed off shotgun charged in Count 3) that was not in the possession of either co-defendant," and since "the defendant's drug trafficking conspiracy offense of conviction was not 'ongoing,'" the amendment did not apply.

## II. STANDARD OF REVIEW

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the guidelines, for abuse of discretion." U.S. v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003) (internal quote omitted). "A district court by definition abuses its discretion when it makes an error of law." Id. (internal quote omitted).

## III. DISCUSSION

The government concedes on appeal that Amendment 599 applies to Hayes. We agree. The amendment does not limit its application to the two situations described by the district court, which are given only as examples of when the amendment would apply. See Amendment 599 ("Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (a) a co-defendant...possessed a firearm different from the one for which the defendant was convicted...; or (B) in an ongoing drug trafficking offense, the defendant possessed

5

a firearm other than the one for which the defendant was convicted...." (Emphasis added.)). The unambiguous language of the amendment provides a general rule to be applied: "A sentence under this guideline accounts for <u>any</u> explosive or weapons enhancement for the underlying offense of conviction[.]" <u>Id.</u> (emphasis added).

The district court abused its discretion when it erroneously concluded that Amendment 599 did not apply to Hayes. It is undisputed that Hayes's sentence for Count II fell under Sentencing Guideline 2K2.4, and the district court enhanced Hayes's sentence for the underlying crime in Count I. Amendment 599 applied in this circumstance. On remand, the district court must recalculate Hayes's sentence under the amended guidelines and then determine, in the light of the sentencing factors, 18 U.S.C. § 3553(a), whether to reduce Hayes's sentence.

## IV. CONCLUSION

The denial of Hayes's motion for reduction of sentence is reversed, and this action is remanded for future proceedings consistent with this opinion.

**REVERSED and REMANDED.**