[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 7, 2006
THOMAS K. KAHN
CLERK

--------------------------------------

No. 06-11558
Non-Argument Calendar

--------------------------------------

D.C. Docket No. 92-00089-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS FERNANDEZ,

Defendant-Appellant.

--------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

--------------------------------------

**(November 7, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Juan Carlos Fernandez, proceeding pro se, appeals the

district court's denial of his motion for reduction of his sentence, 18 U.S.C. §

3582(c)(2). No reversible error has been shown; we affirm.

Fernandez pled guilty to two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court attributed one kilogram of cocaine base and two kilograms of cocaine hydrochlroide to him and set his base offense level at 36, pursuant to U.S.S.G. § 2D1.1(a)(3). The district court sentenced Fernandez to 360 months' imprisonment; and the court later denied his motion to reduce that sentence.

On appeal, Fernandez argues that the district court erred in concluding that Amendment 591 to the Sentencing Guidelines -- which requires that a defendant's applicable Guideline section be determined by the offense of conviction -- did not provide a basis to reduce his sentence. He asserts that his offense of conviction only includes conduct charged in his indictment or listed in his plea agreement; and neither his indictment nor his plea agreement specified a drug quantity attributable to him. Therefore, although Fernandez acknowledges that the district court sentenced him pursuant to the appropriate Guideline, he contends that -- because he did not admit to a specific drug quantity -- the district court selected the wrong base offense level under U.S.S.G. § 2D1.1 and erred in not sentencing him under the provision of 21 U.S.C. § 841 that carries a statutory maximum term of imprisonment of 20 years. Fernandez argues that Amendment 591 is

retroactively applicable; and as a result, his sentence should be reduced so that it does not exceed the statutory maximum of 20 years.

We review a district court's decision whether to reduce a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. See United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). Under 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's term of imprisonment if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Therefore, "the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. Because Amendment 591 is listed as an amendment covered by the policy statement provided at U.S.S.G. § 1B1.10(a), it can be applied retroactively. See United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005), cert. denied, 126 S.Ct. 1643 (2006); U.S.S.G. § 1B1.10(c).

In Moreno, the defendant argued that Amendment 591 prohibited the court "from selecting the base offense level . . . where the judge (not the jury) found the requisite drug quantity used in determining the appropriate base offense level under the applicable offense [G]uideline." Moreno, 421 F.3d at 1219. We

3

rejected this argument, explaining that "Amendment 591 directs the district court to apply the [G]uideline dictated by the statute of conviction, but does not constrain the use of judicially found facts to select a base offense level within the relevant [G]uideline." Id. at 1219-20. In this case, Fernandez concedes that the district court properly relied on U.S.S.G. § 2D1.1, which is the Guideline applicable to offenses under section 841(a), in determining his sentence. Because Amendment 591 only applies to the district court's choice of the appropriate Guideline -- and not to the base offense level within that Guideline -- the district court did not abuse its discretion in denying Fernandez's section 3582(c)(2) motion for reduction of sentence.[*]

AFFIRMED.

---

[*]We note that Fernandez's reliance on United States v. Cordoba-Murgas, 422 F.3d 65 (2d Cir. 2005), is misplaced. In that recent decision, the Second Circuit vacated the defendant's sentence on direct appeal, concluding that "when a defendant has been indicted for a violation of 21 U.S.C. § 841(a) involving an unspecified quantity of drugs, the defendant cannot be sentenced above the statutory maximum for an indeterminate quantity of drugs, as set forth in 21 U.S.C. § 841(b)(1)(C)." Cordoba-Murgas, 422 F.3d at 66. Fernandez's case is distinguishable. He was sentenced in 1992, under the mandatory Guidelines system that existed at that time; and we affirmed his sentence on direct appeal. Fernandez's arguments that his sentence should be reduced because of Cordoba-Murgas and the Supreme Court's decisions in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005), are without merit. See Moreno, 421 F.3d at 1220 (explaining that "Booker is a Supreme Court decision, not a retroactively applicable [G]uideline amendment by the Sentencing Commission. Therefore, Booker is inapplicable to [section] 3582(c)(2) motions").

4