[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 12, 2008
THOMAS K. KAHN
CLERK

No. 08-11415
Non-Argument Calendar

_____

D. C. Docket No. 92-06122-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEAN JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 12, 2008)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Sean Johnson, a federal prisoner convicted of a crack cocaine offense, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on an amendment to the Sentencing Guidelines that lowered the base offense levels applicable to crack cocaine. The Government did not file a response to Johnson's motion in the district court, and the district court's order denying Johnson's motion stated that it had "carefully reviewed said Motion and the entire court file" and was "otherwise fully advised in the premises." The district court did not otherwise explain its ruling. Johnson asserts the district court abused its discretion because the basis for the denial cannot be clearly discerned, thus, effective appellate review is not possible.

We review a district court's decision whether to reduce a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). Generally, "the court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, where a defendant has been sentenced pursuant to a sentencing range "that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing

Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10(b)(1) of the Sentencing

Guidelines provides:

> In determining whether, and to what extent, a reduction in the
> defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and
> this policy statement is warranted, the court shall determine the
> amended guideline range that would have been applicable to the
> defendant if the amendment(s) to the guidelines listed in subsection
> (c) had been in effect at the time the defendant was sentenced. In
> making such determination, the court shall substitute only the
> amendments listed in subsection (c) for the corresponding guideline
> provisions that were applied when the defendant was sentenced and
> shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1). The application notes for U.S.S.G. § 1B1.10 instruct that

the court: (1) shall consider the § 3553(a) factors; (2) shall consider the nature and

seriousness of the danger to any person or the community posed by the reduction;

and (3) may consider the post-sentencing conduct of the defendant. U.S.S.G.

§ 1B1.10, comment. (n.1(B)).

We have instructed that in considering a defendant's motion to reduce his

sentence pursuant to 18 U.S.C. § 3582(c)(2), a district court must engage in a two-

part analysis: first, the court must recalculate the sentence under the amended

guidelines; second, the court must decide whether, in its discretion, it will choose

to impose a new sentence or retain the original sentence. *United States v. Bravo*,

203 F.3d 778, 780-81 (11th Cir. 2000). The second part of the analysis "should be

made in light of the factors listed in 18 U.S.C. § 3553(a)." *Id.* at 781.

3

The district court's order denying Johnson's motion stated that it had "carefully reviewed said Motion and the entire court file" and was "otherwise fully advised in the premises." The district court did not otherwise explain its ruling. Accordingly, the record does not demonstrate the district court took the pertinent factors into account in denying Johnson's motion. Accordingly, we vacate the district court's order denying Johnson's motion for reduction of sentence and remand for further consideration and explanation.

**VACATED AND REMANDED.**