[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11432
Non-Argument Calendar

_____

D. C. Docket No. 06-00039-CR-5-RS-001

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD ALLEN ADDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(November 3, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Richard Adderson, a federal prisoner convicted of a crack cocaine offense

proceeding <u>pro se</u>, appeals the district court's denial of his 18 U.S.C. § 3582 motion for modification of sentence, filed based on Amendment 706 to U.S.S.G. § 2D1.1, which lowered the base offense levels applicable to crack cocaine offenses. Following a guilty plea to conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and 846, Adderson was sentenced, based on his prior felony drug conviction, to a 240-month statutory mandatory minimum term of imprisonment, which was higher than the applicable guideline imprisonment range. Subsequently, he filed a § 3582 motion, asserting that he was eligible for a sentence reduction based on Amendment 706, as his conviction was for a crack cocaine offense. On appeal, Adderson reasserts his eligibility for a two-level reduction in his sentence based on this amendment.

We review for an abuse of discretion a district court's decision whether to reduce a sentence, pursuant to § 3582(c)(2), based on a subsequent change in the Sentencing Guidelines. <u>United States v. Brown</u>, 332 F.3d 1341, 1343 (11th Cir. 2003). An error of law can constitute an abuse of discretion. <u>Id.</u> Although a district court generally cannot modify a term of imprisonment once it has been imposed, an exception lies in § 3582(c)(2), where:

> in the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been

2

lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added). A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" – and is, therefore, not authorized under § 3582(c)(2) – if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 706, which reduced the offense levels in crack cocaine cases calculated pursuant to § 2D1.1(c) by two levels, became effective November 1, 2007. See U.S.S.G. App. C, Amend. 706 (2007). The Amendment was made retroactive as of March 3, 2007, by incorporation into U.S.S.G. § 1B1.10(c). See U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008). Although the retroactive effect of Amendment 706 allows a defendant whose guideline imprisonment range was determined in accordance with the offense level calculations under § 2D1.1 to seek a reduction in his sentence, a defendant whose original sentence ultimately was based on something other than the offense level calculation under § 2D1.1 is precluded from receiving a sentence reduction because the amendment does not

3

have the effect of lowering the applicable guideline range. See U.S.S.G. § 1B1.10(a)(2)(B). This occurs where, as here, the defendant was sentenced to a statutory mandatory minimum sentence. See U.S.S.G. § 1B1.10, comment. (n.1(A)) (noting that defendant is not eligible for reduction, even if amendment is listed in subsection (c), if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).");  United States v. Moore, __ F.3d __, No. 08-11230 (11th Cir. Sept. 5, 2008)(affirming the district court's denial of § 3582 motion because defendants were sentenced as career criminals and not based on the form of cocaine that they possessed).

Here, the district court's calculation of the applicable guideline imprisonment range resulted in a range that was lower than the statutory mandatory minimum term of imprisonment that applied based on Adderson's prior felony drug conviction. Accordingly, Adderson's sentence ultimately was based on something other than the offense level calculation under § 2D1.1, and he was precluded from receiving a § 3582 reduction in his sentence. Therefore, we affirm.

**AFFIRMED.**[1]

---

[1] We decline to address Adderson's argument on appeal that he received ineffective assistance of counsel. Cf. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002)

(holding that this court "will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record")

5