[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 1, 2009
THOMAS K. KAHN
CLERK

No. 08-15792
Non-Argument Calendar

_____

D. C. Docket No. 95-00237-CR-D-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARD JILES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 1, 2009)

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Bernard Jiles, a federal prisoner proceeding *pro se*, appeals the

district court's order denying his 18 U.S.C. § 3582(c)(2) motion to reduce his

sentence based on Amendment 706 to the Sentencing Guidelines. Previously, Jiles was found guilty of: (1) possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); (2) use of a firearm in a drug trafficking crime, 18 U.S.C. § 924(c)(1); and (3) two counts of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1).

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir.2003).

Amendment 706 allows courts to modify a term of imprisonment, under 18 § 3582(c)(2), for offenses involving crack cocaine, by reducing the offense level by two levels. *See* U.S.S.G. § 1B1.10(c); *see also United States v. Moore*, 541 F.3d 1323, 1325 (11th Cir. 2008), *cert. denied*, ___ S. Ct. ___, ___ U.S. Mar. 09, 2009) (No. 08-8558). However, if the original sentence was ultimately based on something other than the drug quantity, Amendment 706 may not have had an effect on the sentencing range and, if so, the defendant will not be eligible to be considered for a sentence reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B).

Once eligibility is established, in deciding whether to reduce a defendant's sentence under § 3582(c)(2), the district court first must determine what sentence it

2

would have imposed, had the amended guideline range been in effect at the time of sentencing; and then, in light of this finding, it must consider the § 3553(a) factors to determine whether or not to reduce the defendant's original sentence. *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998). Although this two- step analysis is required, a court is not required to reduce the defendant's sentence. *Id.*

Here, we conclude from the record that the district court did not err in denying Jiles's request for a sentence reduction. First, Jiles's sentence for the use of a firearm in a drug trafficking crime resulted from the statutory mandatory minimum term in 18 U.S.C. § 924(c)(1), not any guideline provision. Second, his convictions for possession of a firearm by a convicted felon were not affected by Amendment 706. Finally, the decision to group his conviction for possession of cocaine base with his conviction for possession of a firearm by a convicted felon meant that the base offense level was determined by his possession of a firearm, and not his possession of crack cocaine. Therefore, Amendment 706 did not have the effect of lowering Jiles's offense level and, consequently, the district court did not have authority to reduce his sentence. Accordingly, we affirm the district court's order denying the motion to reduce sentence.

**AFFIRMED**.

3