[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13785
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-14040-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT OWENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 20, 2009)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Robert Owens appeals pro se the denial of his motion to reduce his sentence.

18 U.S.C. § 3582(c)(2). Owens moved to reduce his sentence based on Amendments 433 and 599 to the Guidelines. We affirm.

We review a denial of a motion to reduce a sentence under section 3582(c)(2) for abuse of discretion. United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003).

A district court may modify a sentence under section 3582(c)(2) for a defendant who was sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. Amendment 433 became effective November 1, 1991. U.S.S.G. App. C, amend. 433. Amendment 599 became effective November 1, 2000. U.S.S.G. App. C, amend. 599. Owens was sentenced in 2004.

The district court did not abuse its discretion when it denied Owens's motion to reduce his sentence because Amendments 433 and 599 were in effect when he was originally sentenced. Owens's term of imprisonment was not based on a sentencing range that was later lowered by the Sentencing Commission. See U.S.S.G. App. C, amend. 433, 599; 18 U.S.C. § 3582(c)(2). We affirm the denial of Owens's motion to reduce his sentence.

**AFFIRMED.**