[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2009
THOMAS K. KAHN
CLERK

No. 08-16422
Non-Argument Calendar
_____

D. C. Docket No. 01-00275-CR-2-JHH-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO DWAYNE MURELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 29, 2009)

Before DUBINA, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Mario Dwayne Murell, proceeding *pro se*, appeals the district

court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to crack cocaine offenses. On appeal, Murell argues that the district court abused its discretion in denying his § 3582(c)(2) motion because it failed to adequately consider the 18 U.S.C. § 3553(a) factors, and based its decision on his criminal history as a teenager and young adult. Murell further argues that the district court incorrectly characterized his previous criminal history.

We review a district court's decision whether to reduce a defendant's sentence pursuant to § 3582(c)(2) for an abuse of discretion. *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). A district court may modify a term of imprisonment "in the case of a defendant who [was] sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In considering a defendant's motion to reduce his sentence pursuant to § 3582(c)(2), a district court must engage in a two-part analysis: first, the court must recalculate the sentence under the amended guidelines; second, the court must decide whether, in its discretion, it will choose to impose a new sentence or retain the original sentence. *United States v. Bravo*, 203 F.3d 778, 780-81 (11th Cir. 2000). The second part of the analysis "should be made in light of the factors

2

listed in 18 U.S.C. § 3553(a)." *Id.* at 781.

In the instant case, the district court recalculated the guideline range under the amended guidelines. Furthermore, the record demonstrates that in denying Murell's § 3582(c)(2) motion, the district court considered the § 3553(a) factors, specifically, the nature and circumstances of the offense and the history and characteristics of the defendant, and the need to protect the public. On this record, we conclude that the district court did not abuse its discretion when it denied Murell's motion. Accordingly, we affirm the order denying Murell's motion for reduction of sentence.

**AFFIRMED.**