[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14545
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 99-00030-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MYRON CUNNINGHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 7, 2009)

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

Myron Cunningham appeals the district court's denial of his motion for a

reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the U.S. Sentencing Guidelines ("the Guidelines"), which reduced the base offense levels applicable to crack cocaine offenses. On appeal, Cunningham argues that the district court erred because: (1) it had the authority necessary to reduce his sentence under § 3582(c)(2); and (2) it failed to analyze the 18 U.S.C. § 3553(a) factors, as required by our precedent.

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." *United States v. Williams*, 549 F.3d 1337, 1338 (11th Cir. 2008) (per curiam) (quoting *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003)). "However, where the issue presented involves a legal interpretation, our review is *de novo*." *Id.* at 1338-39 (citation omitted).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). However, we have held that when a defendant is subject to a statutory mandatory minimum that replaces his guideline range, that defendant is ineligible for a sentence reduction under Amendment 706. *Williams*, 549 F.3d at 1342 ("Because Williams was subject to a statutory mandatory minimum that

2

replaced his original sentencing guideline range, he was not sentenced according to the base offense level in § 2D1.1, even taking into account the § 5K1.1 downward departure. He thus would not fall within the scope of Amendment 706."). In *Williams*, we pointed out that this ineligibility is not rectified by a downward departure below the statutory minimum when that departure is made pursuant to a § 5K1.1 motion for substantial assistance. *Id.* at 1341.

Upon review of the record and the parties' briefs, we find no reversible error. Because Cunningham was subject to a mandatory minimum term of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A), Amendment 706 did not change his guideline range, even though he ultimately received a § 5K1.1 downward departure. *See id.* at 1340-42. Therefore, Cunningham was ineligible for a § 3582(c)(2) sentence reduction, and we affirm the district court's denial of his § 3582(c)(2) motion.

**AFFIRMED.**