[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13643
Non-Argument Calendar

_____

D. C. Docket No. 02-00175-CR-T-27-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLENN BAKER,
a.k.a. Butterball,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 1, 2009)

Before DUBINA, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Glenn Baker, proceeding *pro se*, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence based on Amendment 706, which lowered the base offense levels applicable to crack cocaine offenses. In 2003, Baker pled guilty to one count of conspiracy to possess with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(B)(iii) and 846. The Presentence Investigation Report (PSI) determined Baker qualified as a career offender under U.S.S.G. § 4B1.1. The district court adopted this factual finding in its judgment and assigned Baker a total offense level of 31, after concluding Baker was entitled to a three-level reduction for acceptance of responsibility. In this appeal, Baker argues the district court did not sentence him as a career offender, and because he was never sentenced as a career offender, the district court should have granted him the two-level reduction based on Amendment 706.

We review for an abuse of discretion a district court's decision whether to reduce a sentence based on a subsequent change in the Sentencing Guidelines. *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). We review *de novo* the district court's legal conclusions and questions of statutory interpretation in a § 3582(c)(2) proceeding. *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008), *cert. denied*, *McFadden v. United States*, 129 S. Ct. 965 (2009).

2

A district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission"—and is, therefore, not authorized under § 3582(c)(2)—if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

In *Moore*, this Court addressed whether a defendant sentenced pursuant to the career offender guideline is eligible for sentence reduction based on Amendment 706. 541 F.3d at 1327. There, the defendants' offense levels were initially calculated based on the amount of crack cocaine involved. *Id.* at 1325. The defendants, however, were ultimately sentenced as career offenders under § 4B1.1, which was not affected by Amendment 706. *Id.* We affirmed the denials of their motions for sentence modification, holding, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based,

3

§ 3582(c)(2) does not authorize a reduction in sentence." *Id.* at 1330; *see also* U.S.S.G. § 1B1.10(a)(2)(B).

In this case, the PSI initially assigned Baker a base offense level of 38 based on his accountability for over 1.5 kilograms of cocaine base, pursuant to U.S.S.G. § 2D1.1, which was greater than the offense level of 34 under the career offender guideline, U.S.S.G. § 4B1.1. The district court, however, sentenced Baker under the career offender provision after finding that Baker was accountable for only five grams of cocaine base. The court assigned Baker a total offense level of 31, which included a three-level reduction for acceptance of responsibility, and sentenced him to 130 months' imprisonment, departing from the recommended Guidelines range of 188–235 months because of the Government's motion on account of Baker's substantial assistance.

Like the defendants in *Moore*, Banker was sentenced based on a range that was determined by application of the career offender provision. The offense level that would have applied under § 2D1.1, based on the amount of crack cocaine involved, ultimately played no role in Baker's sentence. Because Amendment 706 "does not alter the sentencing range upon which his . . . sentence was based,"

Baker is ineligible for sentence reduction. *See Moore*, 541 F.3d at 1330.

Accordingly, we affirm the denial of his § 3582(c)(2) motion.

**AFFIRMED.**