[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13218
_____

D.C. Docket No. 3:97-cr-00125-RV-1

RICHARD P. LOVELACE,

                                        Defendant-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____
(March 5, 2013)

Before MARCUS, JORDAN, and KRAVITCH, Circuit Judges:

PER CURIAM:

Richard P. Lovelace, appearing *pro se*, appeals the district court's denial of his motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2). After review of the record and the parties' briefs, we affirm.

In 1997, a jury convicted Mr. Lovelace of conspiracy to possess cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 846. The pre-sentence investigation report ("PSI") indicated that Mr. Lovelace was responsible for *at least 10 kilograms* of cocaine base, which placed his base offense level at 38. The PSI also stated that Mr. Lovelace should receive various enhancements for possession of a firearm, obstruction of justice, and his leadership role in the drug conspiracy. As a result, his total offense level was 44 and the sentencing guideline range was life imprisonment. At his sentencing hearing, the district court ultimately adopted the findings in the PSI with limited unrelated revisions, and sentenced Mr. Lovelace to life imprisonment.

On appeal, Mr. Lovelace contends that he is entitled to a reduced sentence under Amendment 750 to the 2011 Sentencing Guidelines, which lowered the base offense levels in U.S.S.G. § 2D1.1 for certain crack cocaine offenses. In particular, a defendant now has to be responsible for 8.4 kilograms or more of cocaine base to have a base offense level of 38.[1] *See* U.S.S.G. § 2D1.1(c)(1). Mr. Lovelace argues that he was only held accountable for 8 kilograms of cocaine base at sentencing and, therefore, Amendment 750 applies.[2]

---

[1] Under the previous sentencing guidelines, a defendant only had to be responsible for 4.5 kilograms of cocaine base to trigger a base offense level of 38.

[2] Mr. Lovelace also argues that the PSI used an improper conversion of 22 grams per ounce rather than 28 grams per ounce for calculating the amount of drugs. We find this argument to be without merit because it misrepresents what the PSI stated. The PSI did not use a

A district court's denial of a § 3582(c)(2) motion to reduce a sentence based on a subsequent amendment to the Sentencing Guidelines is generally reviewed for abuse of discretion. *See United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). However, the district court's findings of fact at sentencing are not subject to review in a § 3582(c)(2) proceeding. *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) ("[*A*]*ll* sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing.") (emphasis in original).

In this case, the PSI stated that "a conservative estimate of the amount of cocaine base brought to Pensacola supplied by [Mr. Lovelace and his co-defendant] is *at least 10 kilograms*." Mr. Lovelace argues that he was only held responsible for 8 kilograms of cocaine base because the district court mentioned, in passing, that Mr. Lovelace was a major participant in "basically an eight to ten-kilogram crack distribution ring . . . ." D.E. 61 at 8. That statement, however, does not constitute the ultimate finding of fact regarding the amount of drugs Mr. Lovelace was responsible for. Instead, Mr. Lovelace was responsible for the amount listed in the PSI (i.e. at least 10 kilograms) because that finding was adopted by the district court at the conclusion of the sentencing hearing. *See id.* at

---

conversion rate of 22 grams per ounce. Instead, it used 22 grams as the approximate weight of a cocaine base cookie valued at $1,000 in order to derive the amount of drugs sold in one transaction, based on the amount of money Mr. Lovelace received from that sale. *See* PSI at ¶ 13.

19 ("I have carefully reviewed everything in the [PSI], and it is my determination that after the corrections we have made to that report on the record have been effected, the report is now accurate and it's incorporated into your sentence as the guideline procedure requires."). That finding cannot be reviewed in this proceeding. *See Bravo*, 203 F.3d at 781.

Because Mr. Lovelace is responsible for at least 10 kilograms of cocaine base, Amendment 750 does not affect his sentencing guideline range. His base offense level remains at 38, his total offense level remains unchanged, and he is not entitled to relief under § 3582(c)(2). *See* U.S.S.G. § 1B1.10(b)(1), cmt. n. 1(a) (A defendant is not entitled to a sentence reduction if " . . . the amendment does not have the effect of lowering the defendant's applicable guideline range . . . ."). Therefore, the district court was correct to deny his § 3582(c)(2) motion.[3]

**AFFIRMED.**

---

[3] We also deny Mr. Lovelace's request to supplement this appeal with a motion to vacate under 28 U.S.C. § 2255. Such issues are not cognizable under § 3582 and Mr. Lovelace must first pursue those claims in a separate § 2255 motion filed in the appropriate district court.