[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10830
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00304-SCB-AAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO SINCLAIR JELKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 18, 2019)

Before ED CARNES, Chief Judge, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Mario Jelks filed a motion to reduce his sentence under the First Step Act of 2018.  The district court denied his motion.  This is Jelks' appeal.

In 2009 Jelks pleaded guilty to one count of possession with intent to distribute at least 50 grams of cocaine base, also known as "crack" cocaine.  With that quantity Jelks was subject to the penalties in 21 U.S.C. § 841(b)(1)(A).  The government filed an information under 21 U.S.C. § 851(a) to establish that he had been convicted of a felony drug offense before.  As a repeat offender he faced a statutory minimum sentence of 20 years in prison and a maximum sentence of life in prison.

The Presentence Investigation Report determined that Jelks had at least two prior drug felony convictions and so was a "career offender" for the purposes of U.S.S.G. § 4B1.1.  Because Jelks faced a statutory maximum sentence of life in prison, his base offense level under § 4B1.1(b) was 37.  After adjusting for acceptance of responsibility, the PSR calculated his guidelines range to be 262 to 327 months in prison.  The court adopted that calculation of the range, but it granted the government's motion for a two-level reduction under U.S.S.G. § 5K1.1 and varied downward even further to account for the sentencing disparity between powder cocaine and crack cocaine.  It sentenced Jelks to 180 months in prison and 36 months of supervised release.

In January 2019 Jelks filed a motion to reduce his sentence under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 404 authorizes the district courts to reduce the sentences of crack cocaine defendants as if § 2 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, which reduced the penalties for distributing crack cocaine, had been in effect when they committed their crimes. Under the Fair Sentencing Act Jelks would have been sentenced under § 841(b)(1)(B) instead of § 841(b)(1)(A). He would have faced a minimum sentence of 10 years in prison instead of 20, but his maximum sentence still would have been life in prison. His guidelines range would not have changed because he was still a career offender facing the same statutory maximum sentence.

The district court denied Jelks' motion to reduce his sentence. It found that he was not "entitled to relief" because his guidelines range remained the same even though his statutory minimum sentence would have been lower under the Fair Sentencing Act. The court also noted that its sentence had taken into account the disparity between powder cocaine and crack cocaine, was below the statutory minimum sentence that Jelks originally faced, and included a two-level reduction requested by the government. As a result, the court declined to reduce Jelks' sentence any further.

3

On appeal Jelks contends that the district court erred when it found that, because his guidelines range would not change, he was "ineligible" for a sentence reduction under the First Step Act.  But that is not what the district court found. The court's order, when read in its entirety, makes clear that the court knew it had discretion to reduce Jelks' sentence and chose not to do so.  If the court had believed that it lacked the power to adjust Jelks' sentence because his guideline range was still the same, it could have stopped after calculating the range.  But it went on to say that Jelks was already serving a reduced sentence and that it did not "intend" to reduce his sentence even more.  Plus the government never argued before the district court that the First Step Act does not apply to Jelks.  Instead it argued that "nothing in the First Step Act requires [the district court] to further reduce Jelks' sentence."  (Emphasis added).[1]

On that point the government is correct.  Section 404 of the First Step Act says that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  So the statute allows the reduction of certain sentences, but does not require them.  Because the district court understood its authority under the First Step Act and chose not to reduce Jelks' sentence, it did not abuse its discretion.  Cf. United States v. Brown, 332 F.3d 1341, 1343 (11th

---

[1] The government concedes that the district court could have reduced Jelks' sentence under the First Step Act if it had wanted to.

4

Cir. 2003) (stating that we "review a district court's decision whether to reduce a sentence" for abuse of discretion, and that a court "by definition abuses its discretion when it makes an error of law") (quotation marks omitted).

**AFFIRMED.**