[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 18, 2008
THOMAS K. KAHN
CLERK

No. 08-13534
Non-Argument Calendar

_____

D. C. Docket No. 93-00148-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES MARCELLUS DAVIS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 18, 2008)

Before TJOFLAT, BIRCH, and DUBINA, Circuit Judges.

PER CURIAM:

James Marcellus Davis, Jr. appeals pro se the district court's judgment

denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court concluded that Davis was not eligible for a reduction under § 3582(c)(2) because Amendment 706 to the United States Sentencing Guidelines did not lower his base offense level. For the reasons that follow, we AFFIRM.

## I. BACKGROUND

In February 1994, Davis was convicted in a jury trial of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846. See R1-857. The United States District Court for the Middle District of Florida determined that his base offense level would be 42 under U.S.S.G. § 2D1.1(c)(9) (Nov. 1993) because he was responsible for more than fifteen kilograms of crack cocaine. See R1-852. The court added four offense levels to this amount for a total offense level of 46, which was capped at 43. See id. On the basis of this offense level, the district court sentenced him to life imprisonment. See id. In October 1997, Davis was resentenced to 360 months of imprisonment because Amendment 505 to the sentencing guidelines reduced the base offense level for offenses which involved more than 1.5 kilograms of cocaine from 42 to 38. See U.S.S.G. App. C, Amend. 505 (Nov. 1997).

In November 2007, the Sentencing Commission issued Amendment 706 to the sentencing guidelines, which amended the Drug Quantity Table in U.S.S.G.

2

§ 2D1.1(c) to provide a two-level reduction in the base offense levels for particular crack cocaine offenses. See U.S.S.G. App. C, Amend. 706 (Nov. 2007). The Commission made this amendment retroactively applicable effective 3 March 2008. See U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment). As a result of these amendments, defendants who were responsible for between 1.5 and less than 4.5 kilograms of crack would have their base offense levels reduced from 38 to 36. See U.S.S.G. § 2D1.1(c)(1), (2). Those who were responsible for 4.5 or more kilograms, though, would still have a base offense level of 38. See id. at § 2D1.1(c)(1).

In January 2008, Davis filed a motion to reduce his sentence based on Amendment 706. See R1-808. In March 2008, the district court appointed a federal public defender to represent him and ordered Davis and the government to file memoranda regarding the effect of Amendments 706 and 713 on Davis's sentence. See R1-818. After receiving the memoranda, the district court determined that Davis was ineligible for a sentence reduction because those amendments did not have the effect of lowering his base offense level. See R1-860. Any sentence reduction thus would be both unauthorized by the guidelines and inconsistent with the policy behind them. See id. The federal public defender

3

subsequently withdrew from the case and Davis has appealed this decision pro se.

## II. DISCUSSION

For proceedings involving sentence modifications under 18 U.S.C.

§ 3582(c)(2), "we review de novo the district court's legal conclusions regarding

the scope of its authority under the Sentencing Guidelines." United States v.

White, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam). The decision whether

to reduce a sentence pursuant to that statute is reviewed for abuse of discretion.

See United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). Since Davis is

filing pro se, we analyze his pleadings under a liberal standard. See Hughes v.

Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

Davis's argument on appeal focuses on the district court's finding that one

of his co-defendants, Johnny Lee Chapple, was eligible for a two-level sentencing

reduction from base offense level 38 to level 36 based on Amendment 706.[1] Davis

asserts that this response indicated that the court erred in concluding that it did not

have jurisdiction to reduce his sentence.[2] He further contends that the court's

refusal to resentence him based on a reduced offense level constituted an equal

---

[1] In reaching this conclusion, the court focused on the uncertainty regarding the amount of crack cocaine for which Chapple was responsible. Since it was possible that the amount made him eligible for the reduction, the court construed the ambiguity in his favor.

[2] Though Davis describes this as an abuse of discretion, since it is a legal question, we review it de novo.

protection violation because it created an unwarranted disparity between his sentence and that of a codefendant who was originally sentenced based on the same base offense level and criminal history.[3]

A district court only has jurisdiction to reduce a defendant's sentence if a guidelines amendment actually lowers his sentencing range, regardless of whether the policy behind the amendment arguably impacted the defendant. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(2)(B) (forbidding sentence reduction if an amendment does not have the effect of lowering the defendant's applicable guideline range). Davis does not contest that he was held responsible for more than 4.5 kilograms of crack cocaine. His base offense level is still 38, so his sentencing range has not been changed by Amendment 706. The district court thus properly found that it had no jurisdiction to reduce his sentence. See United States v. Jones, — F.3d —, No. 08-13298, 2008 WL 4934033 (11th Cir. Nov. 19, 2008) (rejecting sentence reduction based on Amendment 706 for defendant responsible for more than 4.5 kilograms of crack cocaine).

Davis's equal protection argument is also unavailing. District courts can exercise jurisdiction to resentence a defendant based only on certain motions by the

_____

[3] Though Davis did not raise the equal protection argument before the district court, we review it de novo rather than for plain error because Chapple was not re-sentenced until after the court had denied Davis's motion.

Bureau of Prisons, on Rule 35 motions by the government, and on guidelines amendments that lower the sentencing range of the defendant. <u>See</u> 18 U.S.C. § 3582. An equal protection violation, on its own, would not fall under any of those categories and thus could not serve as an independent jurisdictional basis, regardless of the merits of the equal protection claim. Accordingly, we find that the district court correctly determined that it did not have jurisdiction to reduce Davis's sentence.

## III. CONCLUSION

The district court properly denied Davis's motion for a sentence reduction based on Amendment 706. The court lacked jurisdiction to reduce his sentence because his guideline range was not changed by Amendment 706, and the alleged equal protection violation in sentencing could not create this jurisdiction. Accordingly, we AFFIRM the district court's denial of Davis's motion.

**AFFIRMED.**