[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14244
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00038-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT R. BALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 9, 2009)

Before ANDERSON, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Robert R. Ball, a federal prisoner convicted of crack-cocaine offenses, appeals the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion for a reduced sentence. On appeal, Ball argues that the district court denied his § 3582(c)(2) motion under the erroneous belief that it had no authority to depart from the restrictions set forth by § 3582(c)(2) and the Sentencing Guidelines. He maintains that the limitations of U.S.S.G. § 1B1.10 conflict with the holding of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and that the district court's adherence to § 1B1.10 resulted in an unconstitutional mandatory application of the Guidelines. Further, he notes that the district court departed from his original sentence pursuant to Fed.R.Crim.P. 35.

We review "a district court's decision whether to reduce a sentence pursuant to [§ 3582(c)(2)], based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). However, in the § 3582(c)(2) context, we review "de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002).

A district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Fed.R.Crim.P. 35. 18

2

U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule includes

relief under § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been
> lowered by the Sentencing Commission pursuant to 28 U.S.C.
> [§] 994(o), upon motion of the defendant or the Director of the
> Bureau of Prisons, or on its own motion, the court may reduce the
> term of imprisonment, after considering the factors set forth in [18
> U.S.C. § 3553(a)] to the extent that they are applicable, if such a
> reduction is consistent with applicable policy statements issued by the
> Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Sentencing Commission's recently revised policy

statement on retroactive amendments to the Guidelines provides:

> In a case in which a defendant is serving a term of imprisonment, and
> the guideline range applicable to that defendant has subsequently
> been lowered as a result of an amendment to the Guidelines Manual
> listed in subsection (c) below, the court may reduce the defendant's
> term of imprisonment as provided by [§ 3582(c)(2)]. As required by
> [§ 3582(c)(2)], any such reduction in the defendant's term of
> imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1) (made effective on March 3, 2008, by Amendment 712).

The policy statement emphasizes that "[a] reduction in the defendant's term of

imprisonment is not consistent with this policy statement and therefore is not

authorized under [§ 3582(c)(2)] if . . . [a]n amendment listed in subsection (c) does

not have the effect of lowering the defendant's applicable guideline range."

U.S.S.G. § 1B1.10(a)(2)(B). In this regard, the commentary to § 1B1.10 explains

3

that a reduction under § 3582(c)(2) is not authorized if the "amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment. (n.1(A)).

On November 1, 2007, the Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (2007). The effect of Amendment 706 is to provide a two-level reduction in base offense levels for certain crack-cocaine offenses. See id. The Commission made this amendment retroactively applicable, effective as of March 3, 2008. See U.S.S.G., App. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

A district court lacks authority to grant a sentence reduction under § 3582(c)(2) "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008). Although Amendment 706 would reduce a defendant's base offense level, it would not affect his guideline range where he was sentenced as a career offender under

4

§ 4B1.1.  Id.  This was also true when the district court had granted a § 5K1.1 downward departure motion that resulted in a lower sentence than the career offender minimum sentence but did not base the new sentence on the guidelines range that would have been appropriate had Moore not been a career offender.  Id.

The district court did not err in finding that Amendment 706 had no effect on Ball's offense level because he was sentenced as a career offender under U.S.S.G. § 4B1.1 and the court did not base his sentence adjusted by the downward departure on the guidelines range that would have been appropriate had he not been a career offender.  Additionally, we have held " Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission.  Therefore, Booker is inapplicable to § 3582(c)(2) motions." United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir.2005). Furthermore, the plain language of § 3582(c)(2) clearly authorizes a lower court to reduce a sentence only where a defendant's original sentencing range has been reduced by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).  Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1]  Ball's request for oral argument is denied.