[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 06, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15039
Non-Argument Calendar

_____

D. C. Docket No. 05-00019-CR-WLS-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODERICK CURRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(February 6, 2009)**

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Roderick Curry, a federal prisoner convicted of a crack cocaine

offense, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels applicable to crack cocaine offenses. The district court indicated that Curry was not eligible for relief under § 3582(c)(2) because he was not sentenced under U.S.S.G. § 2D1.1, but under a statutory maximum sentence that was less than the minimum of his guideline range.

On appeal, Curry generally argues that the district court possessed the authority to reduce his sentence. He asserts that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), in which the Court held that the Guidelines are advisory, provided the district court with authority to reduce his sentence despite the operation of his statutory mandatory maximum sentence. He further argues that the district court erred by failing to provide sufficient reasoning for its decision to deny his § 3582(c)(2) motion.

## I.

We review for abuse of discretion a district court's decision whether to reduce a sentence, pursuant to § 3582(c)(2), based on a subsequent change in the Sentencing Guidelines. *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). In the § 3582(c)(2) context, "we review *de novo* the district court's legal

2

conclusions regarding the scope of its authority under the Sentencing Guidelines."

*United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002).

Although a district court generally cannot modify a term of imprisonment once it has been imposed, an exception lies in § 3582(c)(2), where:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added).  A reduction of a term of imprisonment is not consistent with applicable policy statements issued by the Sentencing Commission – – and is, therefore, not authorized under § 3582(c)(2) – – if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008), *cert. denied*, ___, S. Ct. ___, (U.S. Jan. 12, 2009) (No. 08-7610).  A defendant is not eligible for a sentence reduction where a guideline amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision."  U.S.S.G. § 1B1.10, comment. (n.1(A)).

3

Amendment 706 retroactively reduced the offense levels in crack cocaine cases, calculated pursuant to § 2D1.1(c), by two levels. U.S.S.G. App. C, Amend. 706. Although the retroactive effect of Amendment 706 allows a defendant, whose guideline imprisonment range was determined in accordance with the offense level calculations under § 2D1.1, to seek a reduction in his sentence, a defendant whose original sentence ultimately was based on something other than the offense level calculation under § 2D1.1 is precluded from receiving a sentence reduction because the amendment does not have the effect of lowering the applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B); *Moore*, 541 F.3d at 1330. Pursuant to the guidelines, "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(a).

We have held that *Booker* does not constitute an independent jurisdictional basis to reduce a defendant's sentence under § 3582(c)(2) because *Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment. *United States v. Jones*, 548 F.3d 1366, 1369 (11th Cir. 2008).

We conclude from the record that the district court did not err in finding that it lacked the authority to reduce Curry's sentence under § 3582(c)(2). Because Curry was subject to a statutory mandatory maximum sentence that was less than

4

the minimum of his amended guideline range, Amendment 706 did not have the effect of lowering Curry's guideline range.  Moreover, we conclude that *Booker* did not provide the district court with an independent jurisdictional basis to reduce Curry's sentence.  Accordingly, we affirm the district court's denial of Curry's § 3582(c)(2) motion.

## II.

We review *de novo* the question of whether a district court complied with 18 U.S.C. § 3553(c).  *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006).  Section 3553(c) of Title 18 of the U.S. Code provides, in relevant part, that "the . . . court shall state in open court the reason for its imposition of the particular sentence."  18 U.S.C. § 3553(c); *Bonilla*, 463 F.3d at 1181.

Because the district court's order included sufficient reasoning to provide for meaningful appellate review, we discern no reason to remand to the district court for a further articulation of its reasons.

For the aforementioned reasons, we affirm the district court's order denying Curry's motion for reduction of sentence.

**AFFIRMED.**