[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-11535
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 92-00021-CR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LEE HOLLAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 23, 2009)

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

David L. Holland, a federal prisoner convicted of a crack cocaine offense, appeals the sentence imposed after the district court granted his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 706 of the Sentencing Guidelines, which lowered the base offense levels applicable to crack cocaine. The district court sentenced Holland to the high end of the amended guidelines range without otherwise explaining the ruling. The issue on appeal is whether, after granting Holland's § 3582(c)(2) motion, the district court abused its discretion by failing to address the 18 U.S.C. § 3553(a) factors when sentencing Holland to the high end of the amended guidelines range.

We review a district court's resolution of a motion under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *See United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). "A district court by definition abuses its discretion when it makes an error of law." *Id.*

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, where a defendant has been sentenced pursuant to

> a sentencing range that has subsequently been lowered by the Sentencing Commission . . ., the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

2

18 U.S.C. § 3582(c)(2). The Sentencing Commission's policy statements for reducing a term of imprisonment under 18 U.S.C. § 3582(c)(2) are located in U.S.S.G. § 1B1.10. In determining whether to reduce a defendant's term of imprisonment or the extent of such reduction, the application notes for § 1B1.10 instruct that the district court: (1) shall consider the § 3553(a) factors, (2) shall consider the nature and seriousness of the danger to any person or the community that may be posed by the reduction, and (3) may consider the post-sentencing conduct of the defendant. U.S.S.G. § 1B1.10, comment. (n.1(B)) (2008).

We have instructed the district court to engage in a two-part analysis when determining whether to reduce a defendant's sentence pursuant to an 18 U.S.C. § 3582(c)(2) motion. *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). The district court must: (1) recalculate the sentence under the amended guidelines, and (2) decide, in its discretion, whether it will choose to impose a new sentence or retain the original sentence. *Id*. at 780-81. The second part of the analysis "should be made in light of the factors listed in 18 U.S.C. § 3553(a)." *Id*. at 781. We have held that while a district court must consider the § 3553(a) factors, it "commits no reversible error by failing to articulate specifically the applicability–if any–of each of the section 3553(a) factors, as long as the record

demonstrates that the pertinent factors were taken into account by the district court." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997).

Here, the district court granted Holland's § 3582(c)(2) motion but did not explain why it chose to sentence Holland to the high end of the amended guidelines range. Thus, the record does not demonstrate that the district court took the pertinent factors into account when sentencing Holland to that point. *See id.* at 1322. Accordingly, we vacate the district court's order and remand for further consideration and explanation.

**VACATED AND REMANDED.**