[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14512
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00070-CR-ORL-31GJK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS RAQUAL WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 8, 2009)

Before BLACK, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Marcus Raqual Williams, a federal prisoner convicted of a cocaine-base offense, appeals the district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2). On appeal, Williams argues the district court erred in concluding it lacked authority to apply *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), retroactively in a § 3582(c)(2) proceeding.

"We review a district court's decision whether to reduce a sentence pursuant to [§ 3582(c)(2)] . . . for abuse of discretion." *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). A district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Fed. R. Crim. P. 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule includes relief under § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [§] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). "[A] sentencing adjustment undertaken pursuant to [§] 3582(c)(2) does not constitute a *de novo* resentencing." *United States v.*

*Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (quoting *United States v. Bravo*, 203 F.3d F.3d 778, 781 (11th Cir. 2000)).

Because *Archer* is not a retroactive guideline amendment promulgated by the Commission, it cannot establish an independent jurisdictional basis under § 3582(c)(2). Accordingly, the district court did not err in determining that it lacked authority to apply *Archer* retroactively in a § 3582(c)(2) proceeding.[1]

**AFFIRMED.**

---

[1] Williams had previously filed a motion for a reduced sentence under § 3582(c)(2), requesting a reduction based on Amendment 706 to the Guidelines. The district court denied the motion because Williams was sentenced based on the career offender provisions of the Guidelines. Williams did not appeal the denial of that motion, and thus it is not before this Court on appeal.