[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14996
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00558-CR-TWT-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARUEL ANTONIO RIVERA,
a.k.a. Tony Martinez,
a.k.a. Tony,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 14, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Aruel Antonio Rivera, a federal prisoner convicted of conspiracy to possess

with intent to distribute and to distribute at least 5 kilograms of cocaine and at least 50 grams of cocaine base, appeals the district court's denial of his pro se  18 U.S.C. § 3582(c)(2) motion to reduce sentence based on Amendment 706 to the Sentencing Guidelines.  In denying his § 3582 motion, the district court noted that Rivera was sentenced to a mandatory life sentence and was a career offender.  On appeal, Rivera argues that the district court's denial of his motion was based on facts that were unsupported by the record because the district court factually erred in finding that he was sentenced as a career offender and that he was serving a mandatory minimum life sentence.

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion."  United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003).  We review "de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines."  United States v. White, 305 F.3d 1264, 1267 (11th Cir.2002).  A district court's findings of fact are reviewed for clear error.  United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005).  However, we will not reverse based on a harmless error.  United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005).

A district court generally cannot modify a term of imprisonment after it has

been imposed. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005).

However, there is an exception under 18 U.S.C. § 3582(c)(2) that provides:

> [When] a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Amendment 706 to the Sentencing Guidelines reduced by two levels the base offense level for crack cocaine cases calculated under U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706. The amendment became effective on November 1, 2007. Id. The Sentencing Commission listed Amendment 706 in § 1B1.10(c) on March 3, 2008, therefore making the amendment retroactively applicable. See U.S.S.G. App. C, Amend. 713. However, a movant is not entitled to a resentencing pursuant to Amendment 706 when the provisions of that amendment do not result in a lower base offense level and guidelines range. United States v. James, 548 F.3d 983, 986 (11th Cir. 2008).

Here, the district court clearly erred in finding that Rivera was sentenced as a career offender and he was sentenced to a mandatory life sentence. Nonetheless, the district court did not abuse its discretion in denying Rivera's § 3582 motion

3

because his guideline range was unaffected by Amendment 706 as his sentence was not based on crack cocaine. Accordingly, we affirm.

**AFFIRMED.**