[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 9, 2009
THOMAS K. KAHN
CLERK

No. 09-11338
Non-Argument Calendar

_____

D. C. Docket No. 99-06018-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL A. DEWITT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 9, 2009)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Michael Anthony Dewitt, proceeding pro se, appeals the district court's order denying his motion to reduce sentence, filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706, and his motion to reconsider. Dewitt argues that the district court erred in denying his § 3582(c)(2) motion, because Amendment 706 reduced his applicable guideline range, his criminal history was not extensive, the original sentencing court miscalculated the drug quantity for which he was responsible, and his post-sentencing conduct justified a reduction. For the reasons set forth below, we affirm.

**I.**

Dewitt was indicted in Case No. 98-6097 for possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and in Case No. 99-6018, for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). These cases were consolidated for purposes of pleading and sentencing, and Dewitt pled guilty to both offenses.

According to the presentence investigation report ("PSI"), Dewitt was accountable for 119.4 grams of crack cocaine in relation to Case No. 98-6097 and 141.3 grams of cocaine and 4.4 grams of crack cocaine in relation to Case No. 99-6018. Pursuant to U.S.S.G. § 3D1.2(d), Dewitt's offenses were grouped and the drug quantities for these offenses were added together and converted into the

marijuana equivalent. Because Dewitt's offenses involved the equivalent of 2,504 kilograms of marijuana, the PSI set Dewitt's base offense level at 32, pursuant to U.S.S.G. § 2D1.1. After applying enhancements pursuant to §§ 2D1.1(b)(1) (firearm possession), 2J1.7 (offense committed while released on bond), and 3B1.1(c) (role enhancement), the PSI set Dewitt's total offense level at 39. Dewitt had no criminal history points, which placed him in criminal history category I. Dewitt's total offense level of 39 combined with criminal history category I to yield a guideline imprisonment range of 262 to 327 months. Although Dewitt had no criminal history points, the PSI indicated that he had pled nolo contendere to (1) resisting arrest without violence, loitering, and prowling in October 1995; (2) driving with a suspended license in July 1996 (a second count of operating an unsafe vehicle was dismissed); (3) driving with a suspended license in May 1997; and (4) reckless driving, in August 1997. Dewitt paid a fine as punishment for the first three offenses, and was sentenced to 6 months' probation for the 1997 reckless driving offense. Dewitt's probation was revoked in December 1998, because he failed to report, pay fines, attend and complete D.U.I. school, and complete his community service requirement.

At sentencing, the district court applied a two-level enhancement, pursuant to § 2D1.1(b)(1), because Dewitt possessed a weapon during the commission of the

offense; a two-level reduction, pursuant to § 3E1.1, for acceptance of responsibility; and a three-level enhancement, pursuant to § 2J1.7, because Dewitt committed the present offenses while released on bond. Based on these calculations, Dewitt's total offense level was 35 and his guideline imprisonment range was 168 to 210 months. The court sentenced Dewitt to 180 months on each count, to run concurrently, plus one additional month, under 18 U.S.C. § 3147, to run consecutively, for a total of 181 months' imprisonment.

In March 2008, Dewitt filed a pro se motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), arguing that Amendments 706 and 715[1] reduced his base offense level by two levels and reduced his guideline imprisonment range to 135 to 168 months. The district court denied Dewitt's § 3582(c)(2) motion, explaining that, because Dewitt was sentenced to two concurrent 180-month sentences, reducing the sentence for his crack cocaine offense would not reduce his total term of imprisonment, because he would still be required to serve the 180-month sentence for the powder cocaine offense. Dewitt appealed, and we reversed the district court's denial of relief. We held that Amendments 706 and 715 had effectively reduced Dewitt's applicable guideline imprisonment range and the district court had abused its discretion by "overlook[ing] that the sentences were

---

[1]In his motion, Dewitt cites "Amendment 9;" however, it is clear from his motion, as well as subsequent proceedings, that Dewitt is relying on Amendment 706.

4

reached using a combined offense level that took into account the amounts of cocaine and crack cocaine involved." We held that the district court also erred in failing to "apply the requisite two-step analysis."

On remand, the district court acknowledged that Amendment 706 had reduced Dewitt's applicable guideline imprisonment range to 135 to 168 months; however, after "considering all statutory factors under 18 U.S.C. § 3553, and in particular the Defendant's extensive criminal history," the court refused to grant a sentence reduction under § 3582(c)(2).

Dewitt filed a motion for reconsideration, arguing that the district court wrongly determined that he had an "extensive criminal history," because the PSI placed him in criminal history category I. Dewitt also argued that he was entitled to a sentence reduction based on Kimbrough[2] and his post-sentencing rehabilitation efforts. The district court denied Dewitt's motion for reconsideration, stating that it had carefully reviewed Dewitt's criminal history prior to issuing its previous order. The court noted that, although Dewitt had no criminal history points, he had been involved in four instances of criminal conduct over a period of two years. It pointed out that Dewitt's August 6, 1997 reckless driving conviction was the first offense for which Dewitt had received punishment greater than a nominal fine, and

---

[2]Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

it noted that Dewitt violated the terms of his probation in July 1998. Dewitt now appeals the district court's denial of his § 3582(c)(2) motion and his motion to reconsider.

## II.

We review a district court's decision whether to reduce a defendant's sentence pursuant to § 3582(c)(2) for abuse of discretion. United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). In considering a defendant's motion to reduce sentence pursuant to § 3582(c)(2), a district court must engage in a two-part analysis: first, the court must recalculate the sentence under the amended guidelines; second, the court must consider the 18 U.S.C. § 3553(a) factors and decide whether, in its discretion, it will choose to impose a new sentence or retain the original sentence. United States v. Bravo, 203 F.3d 778, 780-81 (11th Cir. 2000).

## III.

In the instant case, the district court complied with the required two-step analysis outlined in Bravo by recalculating the applicable guideline range under the amended guidelines and stating that it had considered the § 3535(a) factors, particularly, Dewitt's history and characteristics. See id. Although Dewitt's criminal history consisted of only four misdemeanors, the district court correctly

6

noted that these prior offenses were committed during a two-year period and that Dewitt had violated his probation. Thus, the court did not abuse its discretion in failing to grant a reduction under § 3582. See United States v. McBride, 511 F.3d 1293, 1297-98 (11th Cir. 2007) (holding that we will reverse a procedurally proper sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case"); United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (holding that "the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court").

Dewitt also argues that the court should have reduced his sentence in light of his post-sentencing conduct; however, the court was not required to consider this factor in determining whether to grant a reduction. U.S.S.G. § 1B1.10 comment. n.1(B) (noting that courts "may consider post-sentencing conduct of the defendant" in deciding whether to grant a sentence reduction) (emphasis added). Finally, Dewitt's drug quantity argument lacks merit, because a § 3582 proceeding does not authorize a court to reconsider original sentencing determinations. United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (holding that, with the exception of the amended guideline range, "all original sentencing determinations remain

7

unchanged").  Accordingly, we affirm the district court's  denial of Dewitt's

§ 3582(c)(2) motion to reduce sentence and his motion for reconsideration.

**AFFIRMED.**