[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12399
Non-Argument Calendar
_____

D.C. Docket No. 5:93-cr-00050-CAR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY LEE BROWN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 26, 2012)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Jerry Brown appeals from the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). In the original proceeding, Brown pled guilty pursuant to a written plea agreement to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Using prior relevant conduct, the presentence investigation report ("PSI") attributed to Brown 2.5 pounds of cocaine and 24 pounds of methamphetamine, calculated his base offense level using U.S.S.G. § 2D1.1, and enhanced his range under U.S.S.G. § 3B1.1(a) for Brown's leadership role. The district court declined to consider all the relevant conduct contained in the PSI, determined that Brown's total beginning offense level was 30, and then departed upward nine levels under U.S.S.G. § 5K2.0 based on a murder-for-hire scheme involving four potential victims. The court sentenced Brown to life imprisonment. In 2010, Brown filed a pro se § 3582(c)(2) pursuant to the Sentencing Guidelines' Amendment 591, which the district court denied.

On appeal, Brown argues: (1) that under Amendment 591, his sentence is over the statutory maximum sentence of 40 years' imprisonment found in § 841(b)(1)(B) that he alleges applies to his offense; (2) that his trial counsel was ineffective because counsel indicated that his sentence would be limited to 92 to 115 months, and counsel did not understand the plea agreement; and (3) in his reply brief, that the government misrepresented the facts to us, and, in light of DePierre v. United States, 564 U.S. __,

2

131 S.Ct. 2225 (2011), the identity and quantity of drugs are elements of the offense that must be proved beyond a reasonable doubt.  After careful review, we affirm.

We review a district court's decision whether to reduce a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change to the Sentencing Guidelines, for abuse of discretion.  United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003).

When a defendant is sentenced based on a sentencing range that is subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), the district court has discretion under 18 U.S.C. § 3582(c)(2) to reduce the defendant's term of imprisonment.  United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000).  However, § 3582(c)(2) does not grant the district court jurisdiction to reconsider all original sentencing determinations.  Id. at 781.  Moreover, the district court may not modify an imposed term of imprisonment upon a § 3582(c)(2) motion unless the defendant's sentencing range was subsequently lowered by an amendment to the Sentencing Guidelines.  Id. at 780-81.

Amendment 591 became effective on November 1, 2000, and is retroactively applicable.  U.S.S.G. § 1B1.10(c); U.S.S.G. App. C, Amend. 591.  The amendment added language to U.S.S.G. § 1B1.1(a) instructing the district court to "[d]etermine, pursuant to § 1B1.2 (Applicable Guidelines), the offense guideline section from

3

Chapter Two (Offense Conduct) applicable to the offense of conviction." U.S.S.G. App. C, Amend. 591. Furthermore, Amendment 591 changed U.S.S.G. § 1B1.2(a), instructing the sentencing court to "[r]efer to the Statutory Index (Appendix A) to determine the Chapter Two offense guideline, referenced in the Statutory Index for the offense of conviction. . . . For statutory provisions not listed in the Statutory Index, use the most analogous guideline." Id.

> In United States v. Moreno, we explained that Amendment 591
>
> was designed to clarify whether enhanced penalties provided by U.S.S.G. § 2D1.2 (relating to drug offenses near protected locations or involving underage or pregnant individuals) apply only where the offense of conviction is referenced to that guideline, or whether such enhanced penalties can be used whenever a defendant's relevant, uncharged conduct includes drug sales in a protected location or drug sales involving a protected individual. Specifically, in order for the enhanced penalties in § 2D1.2 to apply, the defendant must be convicted of an offense referenced to § 2D1.2, rather than simply have engaged in conduct described by that guideline.

421 F.3d 1217, 1219 (11th Cir. 2005) (quotations and citation omitted). In promulgating Amendment 591, the Sentencing Commission was aware that other guideline sections faced issues similar to § 2D1.2. See U.S.S.G. App. C, Amend. 591 ("Reason for Amendment"). The Statutory Index of the Sentencing Guidelines Manual indicates that § 2D1.1 is the applicable guideline section for § 841(a) offenses. U.S.S.G. App. A.

4

Amendment 591, however, only applies to the selection of the relevant offense guideline, not the selection of a base offense level within the applicable offense guideline. Moreno, 421 F.3d at 1219-20. Furthermore, Amendment 591 does not constrain the use of judicially found facts to select a base offense level within the relevant guideline. Id.

Here, the district court did not abuse its discretion in denying Brown's § 3582(c)(2) motion. Brown's base offense level was correctly determined by § 2D1.1, which is the applicable guideline section for § 841(a) offenses. U.S.S.G. App. A. He concurs that § 2D1.1 is the correct guideline, but asserts that his offense level should have been 26. Although it is unclear whether the district court at sentencing assigned a base offense level of 26 and then added 4 levels for Brown's leadership role or assigned a base offense level of 30, Amendment 591 neither affected the selection of a base offense level within § 2D1.1, nor amended U.S.S.G. § 3B1.1. See Moreno, 421 F.3d at 1220; U.S.S.G. App. C, Amend. 591. The amendment also did not amend departures under § 5K2.0. U.S.S.G. App. C, Amend. 591. Thus, § 3582(c) is inapplicable to Brown's arguments.

As for Brown's claims regarding his sentence exceeding the statutory maximum and ineffective assistance of counsel, these claims are not based on an amendment to the Guidelines made retroactive by the Sentencing Commission.

5

Therefore, the district court could not lower Brown's sentence under § 3582(c)(2) pursuant to these arguments.  See Bravo, 203 F.3d at 780-81.  Accordingly, we affirm.[1]

     **AFFIRMED.**

---

[1] In addition, we do not consider Brown's argument regarding DePierre because he raises it for the first time in his reply brief.  See United States v. Magluta, 418 F.3d 1166, 1185 (11th Cir. 2005) ("[A]n appellant may not raise an issue for the first time in a reply brief."). In any event, Brown's claim that the government misrepresented the facts and committed fraud does not implicate a retroactive amendment to the Sentencing Guidelines, so that argument cannot be a basis to lower his sentence under § 3582(c)(2).  Bravo, 203 F.3d at 780-81.