[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10767
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-00138-TWT-ECS-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NOLVER NOEL MOLINA-GONZALEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 17, 2016)

Before MARCUS, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Nolver Molina-Gonzalez, proceeding *pro se*, appeals the district court's denial of his 18 U.S.C. § 3582 motion for a reduction of his 97-month sentence based on Amendment 782.  Mr. Molina-Gonzalez argues that the district court abused its discretion by failing to recalculate his advisory guideline range and to account for the sentencing factors under 18 U.S.C. § 3553(a).  Upon review of the record and consideration of the parties' briefs, we affirm.

## I

In 2013, Mr. Molina-Gonzalez pled guilty to conspiring to possess, with the intent to distribute, at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846.  According to the PSI, Mr. Molina-Gonzalez was part of a drug trafficking operation that imported crystal methamphetamine from Mexico into the United States for distribution.  Mr. Molina-Gonzalez was held responsible for 16.914 kilograms of crystal methamphetamine, *see* PSI at ¶ 22, and his base offense level was 38 under the 2012 Sentencing Guidelines.[1]

Applying other guideline adjustments, the PSI calculated a total offense level of 39 and criminal history of I, which yielded an advisory sentencing range of

---

[1] In a separate paragraph, *see* PSI at ¶ 26, the PSI stated that Mr. Molina-Gonzalez was involved in a conspiracy to possess with the intent to distribute 19.06486 kilograms of crystal methamphetamine.  Mr. Molina-Gonzalez did not object to this factual discrepancy, and it is irrelevant to the disposition here because both amounts exceed the minimum of 4.5 kilograms for an offense level of 38 under the revised drug quantity table found in U.S.S.G. § 2D1.1(c)(1).

262 to 327 months' imprisonment. At sentencing, the district court made additional adjustments and reduced Mr. Molina-Gonzalez's total offense level to 30, resulting in an advisory guideline range of 97 to 121 months' imprisonment. The district court then sentenced Mr. Monlina-Gonzalez to 97 months' imprisonment, at the low end of the advisory guideline range, in light of mitigating factors including "his minor role in the offense and his lack of a prior criminal background." *See* Transcript of Sentencing, D.E. 89, at 26 (Sep. 6, 2013).

In 2015, Mr. Molina-Gonzalez filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), based on Amendment 782, which retroactively amended the drug quantity table in U.S.S.G. § 2D1.1(c). In relevant part, Amendment 782 increased the amount of "ice" (crystal methamphetamine) necessary to qualify for a base offense level of 38 to at least 4.5 kilograms. *See* U.S.S.G. § 2D1.1(c)(1) (2014). But Mr. Molina-Gonzalez was held responsible for an amount of crystal methamphetamine that exceeded 4.5 kilograms. The district court therefore denied Mr. Molina-Gonzalez's motion for a reduction of sentence because Amendment 782 did not alter his base offense level or affect his advisory guideline range.

## II

We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). *See United States v. Anderson*, 772 F.3d 662, 666 (11th Cir. 2014). A district court's decision about whether to reduce a

3

sentence under § 3582(c)(2) is reviewed for an abuse of discretion. *See United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003).

A district court conducts a two-step analysis when considering a motion for a reduction of sentence under § 3582(c)(2). *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must determine the sentence it would have imposed using the defendant's amended guideline range while keeping all other guideline findings made at the original sentencing hearing intact. *See id.* Second, the court must consider the factors in § 3553(a) and determine, in its discretion, whether to reduce the defendant's sentence. *See id.* at 781. If, however, a defendant's guideline range would not be lowered by an amendment, the district court need not reach the second step of the analysis nor examine the § 3553(a) factors. S*ee United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009).

Mr. Molina-Gonzalez asserts that he was eligible for an additional two-level reduction based on Amendment 782 and that the district court erred by failing to consider the § 3553(a) factors. Under the Sentencing Guidelines in effect at the time of Mr. Molina-Gonzalez's original sentencing, a drug quantity of 500 grams or more of crystal methamphetamine resulted in a base offense level of 38. *See* U.S.S.G. § 2D1.1(c)(1) (2012). As a result of Amendment 782, the Guidelines now provide that a drug quantity of 4.5 kilograms or more of crystal methamphetamine triggers a base offense level of 38. *See* U.S.S.G. § 2D1.1(c)(1)

4

(2016).  Significantly, Mr. Molina-Gonzalez did not object to the PSI's factual finding that he was responsible for 16.914 kilograms of crystal methamphetamine and he did not challenge that drug quantity before the district court.  That amount exceeds the minimum under the revised drug quantity table and therefore does not have the effect of lowering Mr. Molina-Gonzalez's base offense level or his advisory guideline range.

Without disturbing the district court's other advisory guideline findings, Mr. Molina-Gonzalez's drug quantity still triggers a base offense level of 38 and his new guideline calculation yields an identical sentencing range of 97 to 121 months' imprisonment.  Accordingly, the district court was not authorized to reduce Mr. Molina-Gonzalez's sentence because Amendment 782 did not lower his applicable guideline range.  *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).  *See also United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).  The district court was therefore within its discretion to skip the second step of evaluating the § 3553(a) factors because it had determined that Mr. Molina-Gonzalez was ineligible for relief under § 3582(c)(2).  *See Webb*, 565 F.3d at 793.

### III

The district court correctly denied Mr. Molina-Gonzalez's motion under § 3582(c)(2) because retroactive application of the amended drug quantity table

following Amendment 782 did not change Mr. Molina-Gonzalez's base offense level or its corresponding advisory guideline range.

**AFFIRMED.**