[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11364
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cr-00069-SPC-MRM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE JUNIOR SAEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 5, 2019)

Before MARCUS, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

Eddie Saez appeals the 115-month sentence he received after a jury convicted

him of possession of a firearm and ammunition by a convicted felon, in violation of

18 U.S.C. §§ 922(g)(1) and 924(a)(2).  At sentencing, the district court applied an enhancement for use or possession of a firearm in connection with another felony offense.  *See* U.S.S.G. § 2K2.1(b)(6)(B).  On appeal, Saez argues that the court erred in applying the enhancement for two reasons: (1) the court improperly relied on commentary that expanded the plain language of the enhancement; and (2) even if the commentary applied, the firearm discovered in the closet of a spare bedroom in his house was not used or possessed in connection with another felony offense.  After careful review, we affirm.

## I.

In March 2015, law-enforcement officers were conducting surveillance at Saez's residence because he was a suspect wanted for questioning about a shooting. The officers observed Saez as he walked outside carrying a full trash bag and got into a vehicle in the driveway.  A few minutes later, Saez exited the vehicle empty-handed and returned inside.  The officers stopped the vehicle after it left the residence, and upon smelling a strong odor of raw marijuana, searched the car. Inside the car, they found a trash bag containing more than five pounds of marijuana in vacuum-sealed bags.  Soon after, Saez left the residence in another vehicle and was stopped and arrested.

Officers then executed a search warrant at Saez's residence.  In the garage, officers found another large trash bag containing 580.2 grams of marijuana in

2

vacuum-sealed packages.  In a spare bedroom, officers found a loaded Glock .45-caliber handgun inside a colored knit cap on the top shelf of a closet.  The gun and knit cap were tested and found to match Saez's DNA profile.  Saez's bedroom contained $6,500 in cash inside a jacket and a ledger that had names and amounts of money owed to Saez from drug sales.

Based on these events, as we have noted, Saez was indicted for being a felon in possession of a firearm and ammunition.  Following trial, a jury convicted Saez of the charge.

In preparation for sentencing, the probation office prepared a presentence investigation report ("PSR") calculating Saez's guideline range and, as relevant here, recommending a four-level enhancement under § 2K2.1(b)(6)(B) for use or possession of a firearm "in connection with another felony offense."  With a total offense level of 24 and a criminal history category of V, Saez's recommended guideline imprisonment range was 92 to 115 months.  After Saez filed objections to the "in-connection-with" enhancement, the probation officer responded, in an addendum to the PSR, that the enhancement applied because the firearm, which was found in a bedroom controlled by the defendant in a home from which he recently sold marijuana, had the potential to facilitate the felony offense of drug trafficking. *See* U.S.S.G. § 2K2.1, cmt. n.14(A)–(B).

The parties argued the § 2K2.1(b)(6)(B) enhancement at sentencing, which the district court continued to permit additional briefing on the matter. Ultimately, the district court overruled Saez's objection and adopted the position of the probation officer as stated in the addendum to the PSR. The court then sentenced Saez to 115 months of imprisonment.

Saez now appeals the § 2K2.1(b)(6)(B) enhancement, presenting two arguments. First, Saez argues for the first time on appeal that the commentary to U.S.S.G. § 2K2.1 impermissibly expands the scope of the enhancement beyond its plain language. Second, in Saez's view, the enhancement was not justified even if the commentary applied.

## II.

Ordinarily, we review *de novo* a district court's interpretation of the guidelines, and we review a district court's underlying factual findings for clear error. *United States v. Tejas*, 868 F.3d 1242, 1244 (11th Cir. 2017). When sentencing objections to procedural issues are not first presented to the district court, however, we are limited to reviewing for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). "An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009).

4

Section 2K2.1(b)(6)(B) provides for a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). Application Note 14 of the commentary to § 2K2.1 explains that the enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." *Id.* § 2K2.1 cmt. n.14(A). Application Note 14 further provides that, in the case of a drug-trafficking offense, the enhancement applies when a firearm is found in "close proximity to drugs" or "drug paraphernalia." *Id*. § 2K2.1 cmt. n.14(B).

"[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993). Saez maintains that Application Note 14 is inconsistent with the plain language of § 2K2.1(b)(6)(B). In Saez's view, "a firearm in 'close proximity to drugs' that merely 'has the potential of facilitating another felony offense' is not enough to trigger the enhancement" because the "the guideline itself requires actual use or possession of a firearm 'in connection with another felony offense.'"

We review this argument for plain error because Saez did not present it to the district court.[1]  *See Vandergrift*, 754 F.3d at 1307.  Because no controlling authority establishes that the commentary is inconsistent with the plain language of § 2K2.1(b)(6)(B), Saez cannot demonstrate plain error.  *See Schultz*, 565 F.3d at 1357.  On the contrary, in *United States v. Carillo-Ayala*, 713 F.3d 82 (11th Cir. 2013), we reviewed our prior case law on the meaning of "in connection with" in guideline provisions and found that it was consistent with Application Note 14—added in 2006—on the matters of "close proximity" and "potential to facilitate."  *See id.* at 91–96.  In particular, we stated that "[o]ur case law and [Application Note 14] are consistent:  A firearm found in close proximity to drugs or drug-related items simply 'has'—without any requirement for additional evidence—the potential to facilitate the drug offense."  *Id.* at 92.  And it is "[t]he firearm's *potential* use [that] is critical" under § 2K2.1(b)(6)(B).  *Id.* (emphasis in original).  Additionally, we found that our case law predating Application Note 14 "ha[s] consistently recognized that a firearm which facilitates or *has the potential to facilitate an offense* is possessed 'in connection with' that offense."  *Id.* at 93 (emphasis added).  In sum, *Carillo-Ayala* contradicts Saez's contention that "close proximity" and "potential to facilitate" are

---

[1] Because Saez cannot establish plain error, we do not address the government's contention that Saez invited any error with regard to Application Note 14.

6

outside the scope of the plain meaning of "in connection with" as used in § 2K2.1(b)(6)(B).

Accordingly, the district court did not plainly err by applying Application Note 14 to U.S.S.G. § 2K2.1.

## III.

A district court's finding that a firearm was possessed "in connection with" another felony offense is a factual finding that we review for clear error. *United States v. Whitfield*, 50 F.3d 947, 949 n.8 (11th Cir. 1995). "For a factual finding to be clearly erroneous, we must be left with a definite and firm conviction that the court made a mistake." *Tejas*, 868 F.3d at 1244. The burden is on the government to show by a preponderance of the evidence that the facts warrant a sentencing enhancement. *United States v. Kinard*, 472 F.3d 1294, 1298 (11th Cir. 2006).

"A 'connection' is shown by less evidentiary proof than is required to show possession 'in furtherance of' a drug offense." *Carillo-Ayala*, 713 F.3d at 96. In *United States v. Flennory*, for example, we determined that a firearm was possessed "in connection with" a drug transaction where the firearm was found in a vehicle across the street from a vacant lot where the defendant was seen distributing drugs. 145 F.3d 1264, 1269 (11th Cir. 1998), *superseded on other grounds as recognized in United States v. Brown*, 332 F.3d 1341 (11th Cir. 2003). We determined that the firearm was sufficiently connected to the drug offense because "the facts support[ed]

an inference that [the defendant] could have easily and quickly retrieved the weapon from the vehicle if it became necessary to avoid an arrest, or to defend himself from a theft of the cocaine or the money he received from his sales." *Id.* at 1269–70; *see United States v. Gordillo*, 920 F.3d 1292, 1300 (11th Cir. 2019) (stating that "close proximity" under the guidelines "encompasses both *physical distance* and *accessibility*" (emphasis in original)).

Here, the record supports the district court's finding that the loaded gun, containing Saez's DNA, was possessed in connection with a felony drug-trafficking offense. According to undisputed facts in the PSR, officers found the gun in the closet of a spare bedroom in Saez's home, and the home contained other evidence of drug-trafficking activity, including $6,500 in cash and a drug ledger. Moreover, the gun was present when Saez sold over five pounds of marijuana in the driveway of his home and possessed additional marijuana in his garage. While Saez contends that the gun was not close enough to the drug-trafficking activity, the district court reasonably concluded that the gun had the potential to facilitate Saez's drug sales or possession, because the gun was sufficiently close to the drug-trafficking activity so that he could have easily retrieved it, if needed, for protection or deterrence from persons seeking to interfere with his drug activities. *See Flennory*, 145 F.3d at 1269–70; U.S.S.G. § 2K2.1 cmt. n.14(A). Thus, the district court did not clearly err in

determining that the gun was used "in connection with" another felony offense.  We therefore affirm Saez's sentence.

**AFFIRMED.**